STURGES and others *against* PECK and another :

#### IN ERROR.

The relation of brother subsisting between one of the commissioners on an insolvent debtor's estate, and a creditor of that estate, is a disqualification of the former to act as a commissioner on such estate, and goes to the validity of the entire report, shewing it to be illegal and void.

A decree of probate accepting such report, may be the subject of an appeal, assigning such disqualification as the reason.

THIS was an appeal from an order or decree of the court of probate for the district of *Norwalk*, accepting the report of commissioners upon the estate of *Levi Taylor*, an insolvent debtor, who had assigned his property for the benefit of his creditors, pursuant to the statute. [See 11 *Conn. Rep.* 420.]

The appellants stated, as reasons of appeal, that *Henry Dutton* and *Samuel Sturges*, Esqrs., were appointed, by the

*Fairfield,*
June, 1837.

Sturges
*v.*
Peck.

court of probate, commissioners on *Taylor's* estate ; that *Erastus Sturges* exhibited to these commissioners a claim against that estate, amounting to 33 dollars, 98 cents, which the commissioners allowed and included in their report ; that the court of probate accepted such report and ordered it to be recorded ; that said *Samuel Sturges* is the brother by nature of said *Erastus Sturges ;* and that the appellants are creditors of said *Taylor,* having a claim against his estate amounting to 215 dollars.

To these reasons the appellees demurred ; and the superior court adjudged them sufficient, and reversed the decree of the court of probate. The appellees, by motion in error, thereupon brought the case before this court for revision.

*Betts* and *Dutton,* for the plaintiffs in error, contended, 1. That no appeal having been taken from the order appointing the commissioners, and nothing appearing from the report shewing that it is wrong, such order cannot be attacked, in a subsequent stage of the proceedings.

2. That if it could be, the reason assigned in this case is insufficient. The statute does not prohibit the appointment of a relative of one of the creditors, a commissioner. It prohibits a judge or justice from judging in the cause, where he is related, within certain degrees of consanguinity or affinity, to one of the parties ; but it goes no farther, and did not intend to disqualify any other. Is the verdict of a jury void, if one of them is related to one of the parties ? Jurors, auditors and commissioners all stand upon the same ground.

3. That if otherwise, the remedy in this case, is not by an appeal. If the judge has a right to throw aside the report and treat it as a nullity, and begin *de novo,* he ought to take this course ; and if he does not, an application may be made to the superior court for a *mandamus.* Is it not absurd to make a *void* decree the subject of an appeal ?

*Booth,* for the defendants in error, insisted, 1. That the relation subsisting between *Samuel Sturges,* one of the commissioners on *Taylor's* estate, and *Erastus Sturges,* one of the creditors, disqualified the former to act as a commissioner. *Stoddard* v. *Moulthrop,* 9 *Conn. Rep.* 502.

2. That whether the decree of probate accepting the report

of commissioners, was void or erroneous, it might be set aside on an appeal, assigning such disqualification as the reason.

CHURCH, J. The appeal in this case was taken from an order of the court of probate accepting the report of commissioners upon an insolvent estate. When this case was under our consideration, on a former occasion, (11 *Conn. Rep.* 420.) we held, that it was competent for a court of probate to make such an order; and of course, that it might be appealed from. The same principle had essentially been determined before, in the case of *Stoddard* v. *Moulthrop,* 9 *Conn. Rep.* 503.

The case of *Stoddard* v. *Moulthrop* also settled it, that a court of probate had no power to appoint a brother by marriage of a creditor of an insolvent estate, to be a commissioner thereon. And in the present case, when formerly before us, we said, that if upon the coming in of the reasons of the appeal, it should appear, that the "objections to the report of the commissioners, go to the validity of the entire report, as being illegal or void; then the appeal should be sustained, and the truth and sufficiency of the reasons investigated." 11 *Conn. Rep.* 424. And now it does appear, that the court of probate appointed upon the insolvent estate of *Levi Taylor, Samuel Sturges* to be a commissioner, who was a brother of one of the creditors of that estate; and that the court of probate accepted the report of the commissioners, the said *Samuel Sturges* being one. And these are the reasons why the order is appealed from. The objection goes to the entire report, and shows it to have been illegal and void.

If the court of probate had no power to appoint *Samuel Sturges* to be a commissioner, then he could do no act as commissioner; and a report depending for its validity upon any official act of his, was a mere nullity, and should have been so considered and treated, by the court of probate.

It is said, that an appeal is not the proper remedy; but that notwithstanding the order of the court accepting the report, it was the duty of the court of probate, upon ascertaining the disqualification of the commissioner, to treat its own orders as void, and appoint a new commissioner, and proceed as if the appointment of *Sturges* had never been made. Such a procedure may have been proper; and perhaps an appeal was not in strictness necessary. A writ of error is not necessary to set

*Fairfield,*
*June, 1837.*

Sturges
*v.*
Peck.

aside a void judgment at common law.    And if the order in this case accepting the report of the commissioners, which is the order appealed from, was void, and not erroneous merely,—a question not necessary now to be decided ;—yet in either of the cases now mentioned, a writ of error or appeal may be very appropriate, as they place upon the record the real truth of the case, and save the proceedings from all appearance of inconsistency : and we perceive no substantial objection to this course.

We are of opinion there is no error in the judgment of the superior court.

In this opinion the other Judges concurred.

*Judgment affirmed.*