## WILLIAM W. OLMSTEAD'S APPEAL FROM PROBATE.

A creditor of the insolvent estate of a deceased person appealed to the Superior Court from the doings of the commissioners on the estate in rejecting a claim presented by him, and in his reasons of appeal assigned, in addition to the disallowance of his claim, the fact that the deceased did not have his domicil at the time of his death within the probate district of B, the court of which had assumed jurisdiction of the settlement of his estate, but within the probate

district of *W*, and that therefore the Superior Court had no jurisdiction of the case. Upon the trial in that court the appellant offered evidence in support of these allegations, but the court rejected the evidence on the ground that that was not the proper time nor mode of raising the question of its jurisdiction. Held, on a motion for a new trial by the appellant,—

1  That the fact thus set up was not a sufficient ground of appeal, since, if established, it would render the whole proceeding void, both before the commissioners and in the appellate court.

2  That the allegations did not properly constitute a plea to the jurisdiction, that plea being in its nature and by rule a preliminary one.

3  But that the allegations, brought to the notice of the court by the offer of evidence to sustain them, were to be regarded as a suggestion to the court of its want of jurisdiction.

4.  That such a suggestion was always proper, and should be favorably received by the court.

5.  That it was no objection to the entertaining of the question of jurisdiction, that the case had come into court by appeal from the doings of commissioners.

6.  That if the want of jurisdiction in the probate court should be shown, the Superior Court would have no jurisdiction, and could only dismiss the case.

7.  That in that case the report of the commissioners would not stand, as if it had not been appealed from, but the judgment of the commissioners on the claim appealed having been vacated by the appeal, the whole proceeding in the probate court, so far as dependent on the report of the commissioners, would be permanently suspended, and the final settlement of the estate in that court rendered impossible.

8.  That the only course to be taken in that case would be, to abandon the proceedings in the probate court not having jurisdiction, and take out administration in the probate court which had jurisdiction.

Whether the commissioners on an insolvent estate can themselves entertain the question of the jurisdiction of the probate court and of themselves: *Quære.*

Commissioners on insolvent estates, though appointed by the courts of probate, are yet an independent tribunal, and appeals from their doings are not appeals from any action of the court of probate.

Upon the question whether a deceased person was indebted to one of his heirs who presented a claim against his estate, a declaration in a will left by the deceased that he had already paid the heir so much that he directed that he should have no part of his estate, was held to be admissible under the statute admitting memoranda of deceased persons, as being a declaration that he did not regard himself as indebted to the claimant.

[CARPENTER, J., dissenting upon the question of the power of the Superior Court to entertain the question of the jurisdiction of the probate court.]

APPEAL from the doings of commissioners on the estate of Joseph Olmstead, deceased; brought to the Superior Court in Fairfield County, and tried to the court before *Sanford, J.* Judgment for appellees and motion for a new trial by appellant. The case is fully stated in the opinion.

*W. Cothren* and *J. Huntington*, in support of the motion, cited *Huntington* v. *Birch*, 12 Conn., 152; *Saunders* v. *Dennison*, 20 id., 521, 524; *Wildman* v. *Rider*, 23 id., 172; *Sears* v. *Terry*, 26 id., 273; *First National Bank* v. *Balcom*, 35 id., 351, 358.

*W. B. Wooster*, with whom were *D. Torrance* and *G. Stoddard*, contra, cited *Fourth Eccl. Society* v. *Mather*, 15 Conn., 587; *Bennett's Appeal from Probate*, 33 id., 215; *Moss's Appeal from Probate*, 36 id., 212; Gen. Statutes, p. 54, secs. 7, 9.

FOSTER, J.   This is an appeal from the doings of the commissioners on the estate of Joseph Olmstead, deceased.

Three reasons are assigned for the appeal:

1st.   The disallowance of sundry claims presented by the appellant against said estate:

2d.   The allowance of a certain claim in favor of Isaac Drew against said estate:

3d.   "Because the said Joseph Olmstead, deceased, was, at the time of his death, a legal inhabitant, tax-payer, and elector of the town of Southbury, in the probate district of Woodbury; and neither the probate court for the district of Bridgeport, which took cognizance of the settlement of said estate, had jurisdiction thereof, nor did the commissioners appointed by said court have jurisdiction to pass upon said claims, nor any claim against said estate; but the probate court for the district of Woodbury had the jurisdiction of the settlement of said estate.   The appellant therefore claims that this honorable Superior Court has no jurisdiction of this case; and he therefore prays that the said report of the commissioners may be reversed and set aside."

The lack of jurisdiction in the Superior Court is the last point made by the appellant in assigning his reasons for appeal, but if that point be well taken it is quite idle to examine the validity or invalidity of the claims presented against the estate.   Time so spent would, at the best, be wasted, as was the time of the commissioners, and the probate

court which appointed them, if the allegation of the appellant be true. If the settlement of Joseph Olmstead's estate did not by law belong to the court of probate for the district of Bridgeport, but did belong to the court of probate for the district of Woodbury, the action of the court of probate for the district of Bridgeport was utterly void, and all subsequent proceedings, whether by commissioners or otherwise, necessarily void also. As a ground of appeal, such a reason is as insufficient in law as the appeal itself is unnecessary in fact; and were an issue made upon it, it would clearly be bad on demurrer. Why appeal from a decision which is no decision, but a mere nullity, and especially why appeal to a court that has no jurisdiction to right the wrong complained of, whether fancied or real?—a court alike powerless to allow the claims which have been improperly rejected, and to disallow the claims which have been improperly approved. If it be true, as the appellant alleges, that the Superior Court had no jurisdiction, so far from constituting a reason for an appeal to it, it constitutes a conclusive reason why an appeal should not be so taken.

Besides, an appeal, from its very nature, supposes a wrong decision, and the object of the appeal is, that on a re-hearing that wrong decision may be righted. As this question of jurisdiction was not made in the court below, no decision, right or wrong, was made upon it. No action whatever was asked upon it; none was taken; and so no legal reason exists for an appeal on the matter of jurisdiction, either on the ground of action or of omission.

The jurisdiction however of the probate court and of the Superior Court is put to question in such a manner, in this motion for a new trial, that we deem it proper to give it more full consideration.

The motion discloses that on the trial in the Superior Court, the appellant, in support of the third reason for appeal, denying the jurisdiction of the court, offered evidence to prove the facts as above set forth under said third head of reasons. To the admission of this evidence the appellees objected, on the ground that this was not the proper time or mode of trying

the question of the jurisdiction of the court. The court sustained the objection, rejected the evidence, overruled said third reason for appeal, and rendered judgment for the appellees.

Among the elementary rules of pleading it is laid down that good matter must be pleaded in right form, apt time, and due order. The objection to entertaining this question of jurisdiction was, that it was made too late, and in the wrong court; that it should have been made in the inception of the proceedings in the court of probate; and that the proper motion in this court would be to erase from the docket.

Common sense indeed teaches that a question so vital as that of jurisdiction should be decided preliminarily to all others. Accordingly all treatises on pleading direct that pleas to the jurisdiction are to be filed first. Such, manifestly, is the natural order of pleading, for if any other plea be filed, the jurisdiction of the court is admitted. If the want of jurisdiction appears on the record, no plea need be interposed. The court, when the fact is brought to its notice, by motion or otherwise, in any stage of the case, will take proper action, and strike the case from the docket. If the want of jurisdiction does not appear of record, and the parties appear and go to trial on the merits, it is matter of discretion with the court, whether, on suggestion of facts going to show a want of jurisdiction, the trial on the merits shall or shall not be suspended, and the evidence shall or shall not be heard. Courts must necessarily have the power to establish rules and orders of pleading, and if parties fail to comply with them, it cannot be a ground of error if the court refuses to entertain a plea not filed in proper time. Considering this as a plea to the jurisdiction, it would seem to be within the discretion of the court either to receive it or reject it, at the time when it was offered.

But we are not satisfied that full justice is done to the question that is raised on the record by regarding this as a mere plea to the jurisdiction. It is not matter of an adversary nature, to be regarded with disfavor, like a dilatory plea. It is for the interest of the court, and must be the desire of the court, to know as early as possible that it has no jurisdiction, if such be the fact. If the information does not come

early, it must not be rejected if it comes late.   Whenever
and however it comes, it should be received as the suggestion
of an *amicus curiæ*, and the proper legal action promptly
taken.

It is asserted that these principles, if correct, are not appli-
cable to this case on account of the manner in which it found
its way into the Superior Court.   It came there by appeal;
and like other cases of similar character is usually, though
inaccurately, styled an appeal from probate.   It is not such,
but is an appeal from the doings of the commissioners
appointed by the court of probate to receive and decide upon
the claims of the creditors of the estate above named.   The
powers of these commissioners are defined by statute; and it
is claimed that they must be restrained to the exercise only
of the powers granted, and that among those the power of
deciding the question of the validity or invalidity of the order
of the court of probate which gave them their appointment
is not found.   And inasmuch as these commissioners have
not passed and could not pass upon the question of their
jurisdiction, or of that of the court of probate which created
them, so the Superior Court can have no power to entertain
this question of jurisdiction; that it would be a usurpation of
power, by that tribunal, to pass upon the question of jurisdic-
tion, either of the commissioners' court, or of the probate
court.

To this claim we reply, in the first place, that there are
various doors through which suitors may enter into the Supe-
rior Court.   When once before that tribunal, no matter by
what door they gained admission, the jurisdiction of the court
must always be a legitimate subject of inquiry.   The suitors
can come in by no door which shuts off inquiry into the juris-
diction.   That question being properly presented, the court is
bound to hear it, and if it has no jurisdiction, it must say so,
no matter how that decision may affect proceedings in other
courts, or elsewhere.   The Superior Court in this case sits, it
is true, as an appellate tribunal; but the appeal takes the case
up, not for the purpose of affirming or disaffirming the acts
of the commissioners, all of which are vacated by the appeal,

but for hearing and trial as though brought there originally. The whole case is in the Superior Court; its legal existence is there, and no where else; and that court holds it precisely as it holds any case that has been legally brought to it. The question of jurisdiction therefore pertains as fully to such a case as to any conceivable case in that court.

Nor are we prepared to admit that these commissioners had no power to entertain and pass upon this question of jurisdiction, though the case does not necessarily involve a decision of this question.

Sitting as a court, these commissioners are quite independent of the court of probate. Though appointed by that court, they are not an arm of it, in the sense that an auditor or a committee, appointed by the Superior Court, is an arm of that court. The court of probate has no power to revise, alter, or modify the doings of the commissioners. Their report stands in the court of probate, having the same force and effect that it would have if made by a tribunal appointed by the General Assembly. So this court, in *Moss's Appeal*, 36 Conn., 212, held that the action of the commissioners, on an insolvent estate, could not be revised upon an appeal from the decree of the court of probate accepting the commissioners' report. The appeal must be taken from the doings of the commissioners.

Now courts of probate, acting under a mistake in fact, have sometimes granted administration on the estates of persons who turned out to be alive. All proceedings had under such circumstances were of course void, as the law does not authorize probate courts to grant administration on the estates of the living. Suppose such an event had happened in this case. Suppose Mr. Olmstead having gone abroad, had been reported dead, and on satisfactory evidence that he was dead, that the court of probate had granted letters of administration and appointed commissioners on his estate. While they were in session, discharging the duties of their appointment, suppose Mr. Olmstead had appeared in court, thus by irresistible evidence proving that he was not dead, and so that their action, and all the action of the court which appointed them,

was utterly void.  Would not all proceedings be suspended—dropped?  Would any body claim that the commissioners were still bound to go on, hear the evidence to support or contradict the claims presented against the estate, and make their report to the court of probate?  If not, and if such a course would be admitted by all to be frivolous and foolish, what is it but saying that the commissioners decide, and decide rightly, that they have no jurisdiction; that the court of probate which appointed them had no jurisdiction.  That the evidence in the case thus supposed amounts to demonstration is of no consequence.  That has nothing to do with the question of the power of the commissioners to make a decision.  If they have not the power, no matter how conclusive the testimony may be, they cannot pass upon the question, and if they have the power, they may hear the testimony and decide as they shall find the fact and the law to be.  For instance, if several of Mr. Olmstead's neighbors of unquestionable veracity, who had known him intimately all their lives, should come into court and testify that he was alive; that he had just returned home; that they had seen him and conversed with him that very day; would not the commissioners hear this testimony, and if they believed it true, would they not stay all further proceedings for want of jurisdiction?  The evidence would not be of the demonstrative kind, as in the case first supposed, *super visum corporis*, but would it not, in its effects and consequences, be the same—a perfect end to all farther action because there was no jurisdiction?

Again, suppose proof were offered to the commissioners that the deceased, Mr. Olmstead, lived and died in the town of Southbury in the probate district of Woodbury, and that he never had any residence in Trumbull, or in any other part of the probate district of Bridgeport.  Should this evidence be rejected for want of power to make the inquiry?  Would it be a legal impertinence for the commissioners to inquire into a decision of the court of probate which appointed them, when the question involved their jurisdiction?  We think it too plain to be argued, that if Mr. Olmstead were in full life, and were so shown to be by irrefragable testimony before the com-

missioners, the proceedings would drop, must drop, from utter want of jurisdiction. But Mr. Olmstead must not only be dead to give the commissioners jurisdiction in this case; he must have had his home, his domicil, within the district of Bridgeport at the time of his death, to give that court jurisdiction. If at the time of his death he belonged in Southbury, in the probate district of Woodbury, though now dead in fact, he is not dead, in law, in the probate district of Bridgeport, so as to give that court jurisdiction to settle his estate. That court has no more power to grant administration on his estate than if he were still a living man. Proceedings by the commissioners, under such circumstances, would be vain and useless, because utterly void. That being so, who shall say that the commissioners are bound to go on, and hear and decide on claims presented against an estate on which the court which appointed them had no power to place its finger? Surely the old and salutary maxim, *Lex neminem cogit ad vana seu inutilia,* cannot be so utterly disregarded.

If it be necessary then that the commissioners should have power to pass upon this question of jurisdiction in order to give the Superior Court power to entertain the question, we think we should not find that fact a serious obstacle in our way. But the result to which we come does not depend at all on the power of the commissioners. That we regard as wholly another question, which it is not necessary for us to decide. Granting that they have no such power, our decision with regard to the power of the Superior Court in the matter is unaffected.

The objection then, that this case came into the Superior Court by appeal; that the question of the jurisdiction of that court depends on the question of jurisdiction in the probate court, where the question was never raised, and which court must first decide it, cannot prevail.

But the party who takes this exception, the appellant, asks the Superior Court that the report of the commissioners may be reversed and set aside, because there is no jurisdiction, either in the Superior Court or the probate court.

It is quite obvious that if the allegation of the appellant be

true, and there is no jurisdiction in the Superior Court, no such powers as those invoked by the appellant can be exerted by that court. But are the facts set forth by a party, which he offers to prove, and which, if true, show an entire want of jurisdiction, to be wholly disregarded because the party asks the court to render a judgment, or pass a decree, beyond its powers? Suppose there was apparent on this record a palpable want of jurisdiction which had chanced to pass unnoticed till the hearing was closed, and judgment was about to be rendered in the Superior Court. The attention of the court being called to it, one course only could lawfully be taken, that is, to dismiss the case. If one party, or if both parties, insisted upon a judgment on the merits, it would make no difference, the court could do nothing lawfully but dismiss the case.

The fact then, that the appellant, in this case, invoked the court to set aside the report of the commissioners, or reverse any decree of the court of probate, constituted no reason why the Superior Court should not have heard and duly considered anything going to show a want of jurisdiction. The record as it now stands makes allegations which, if true, show that neither the probate court, nor the commissioners, nor the Superior Court, had any jurisdiction whatever of this case. These allegations the appellant offered to prove, and the evidence was rejected. For the purposes of this motion we must consider the allegations to be proved. The result then, as we have seen, would be a dismissal of the case for want of jurisdiction. In the case of *Wildman* v. *Rider*, 23 Conn., 172, WAITE, J., in giving the opinion of the court, (p. 176,) says: "It is finally said that the motion to erase the case from the docket of the Superior Court was made by the party that carried the case there. But this can make no difference. It was the duty of that court to dismiss the case whenever it discovered that it had no jurisdiction over it, and it was immaterial by whom a knowledge of that fact was communicated."

It is suggested that this is a clear encroachment on the powers of the court of probate; such a usurpation of author-

ity as will be of no binding force, and that it will leave that tribunal empowered to go on and settle this estate, taking no notice at all of this action of the Superior Court. We think the law is quite otherwise. If, on a new trial of this case, the appellant should fail to prove his allegation, that the deceased at the time of his death belonged in the probate district of Woodbury, and not in the probate district of Bridgeport, the claim as to jurisdiction would be ended, and the case would proceed, regularly, on its merits. If the appellant proved his allegation in regard to evidence, the court would dismiss the case for want of jurisdiction. Could the court of probate still go on in the settlement of this estate? The commissioners had acted on the claims presented, and made their report. From their doings an appeal was taken, which vacated all their proceedings, and took the whole subject matter into the Superior Court. Until the action of the Superior Court upon that appeal goes back to the court of probate, that court has nothing before it on which it can take action in the way of settling the estate. It might as well attempt to settle an estate on which administration had never been granted. If the case is dismissed in the Superior Court for want of jurisdiction, it is a perpetual suspension of proceedings in the court of probate. The subsequent course to be pursued is a plain one; to take administration in that probate court which has jurisdiction, and proceed according to law.

The views expressed and the principles here put forth are sustained, we think, by many decided cases of the highest authority. Among them are the cases of *Cutts et al.* v. *Haskins*, 9 Mass., 543, *Holyoke* v. *Haskins*, 5 Pick., 20, and *Same* v. *Same*, 9 Pick., 259. The question involved in these cases was the title to certain real estate, which, it was agreed, had belonged to Silence and Sarah Eliot, deceased. The plaintiff claimed as heir at law, the defendants as purchasers under a sale made to pay the debts of the deceased, by order of the Court of Common Pleas of the county of Suffolk, founded on a certificate of the judge of probate for the same county. The question turned on the validity of the letters of administration. Those were taken out in the probate court of Suffolk

County in 1790, and the sale of the estate, under which the defendants claimed title, was made in 1791. The first of these suits was decided in 1813, the next in 1827, and the last in 1830. The plaintiff, the heir at law, recovered in each case, and on the ground that the letters of administration which had been granted were void for want of jurisdiction. The plaintiff proved that at the time of the death of Silence and Sarah Eliot, they resided at Natick, in the county of Middlesex, and so the settlement of their estates belonged by law to the court of probate for the county of Middlesex, and not to the court of probate for the county of Suffolk. It was insisted on the part of the defendants that no such evidence was admissible; that the decree of the court of probate was conclusive as to the domicil or legal dwelling place of the deceased before their death, and certainly could not be contradicted after such a lapse of time as that no original administration could be granted; that to admit the evidence would be to try by the country, in a collateral suit, a fact which more than twenty years before had been tried and determined by the competent tribunal, and had never been denied or contradicted in that or any other tribunal having probate jurisdiction within the commonwealth; that especially after twenty years, the court could not receive evidence of acts, *in pais*, to show that the deceased were not domiciled in the county where the administration was granted.

· The evidence was admitted. Wilde, J., in giving the opinion of the court, 5 Pick., 25, says: " If then in the present case the judge of probate for the county of Suffolk had no jurisdiction, it seems clear that the grant of administration, and the subsequent sale of the demanded premises under it, are void. And it is equally clear that he had not jurisdiction if the domicil of the intestates, at the time of their decease, was in fact within the county of Middlesex." Parker, C. J., in giving the opinion of the court, 9 Pick., 263, says: "As to the admission of parol evidence to show that the administration was void because the judge of probate had no jurisdiction, the question was virtually, if not directly, decided in this same case on the former hearing. The counsel then

brought it directly before the court, and the objection was overruled, and we see no reason to change our opinion; no authority having been produced to show that it was wrong. The inconvenience of vacating acts of a judicial nature a long time after they have passed is undoubtedly considerable; but if they are void there seems to be no lapse of time which will make them valid."

The case of *Sigourney et al.* v. *Sibley et al.*, 21 Pick., 101, has some striking points of similarity to the case at bar. That was an appeal from a decree of probate ordering a partition of the real estate of Andrew Sigourney, deceased. There were two reasons for appeal. The first was, that for divers reasons assigned no partition of the estate ought then to be made; and the second was, that the judge of probate, at the time of rendering the decree, was not competent to act because he was then a creditor of the estate, having a claim against it then and still unsatisfied. On the hearing of the appeal it was shown that two of the appellants had applied to the judge to be appointed administrators on the estate, and a decree to that effect was passed, from which the appellees appealed. The appellees then applied to have a special administrator appointed, and from the decree appointing one the appellants appealed. The appellees then applied for a decree making partition of the estate, and from that decree the appellants appealed.

When evidence was offered to show the interest of the judge, it was objected to, because when the motion for partition was made in the court below no motion was made to transfer the cause to another county, according to the provisions of the statute when a judge was disqualified. The evidence was admitted.

After considering the question of the interest of the judge of probate, and that because of such interest he had no jurisdiction in the case, the court, by Shaw, C. J., p. 106, says: "The court are also of opinion that the jurisdiction is not aided by the consideration that no exception was taken on this ground, and no application was made by the appellants below to remove the case to another county. It is a general

rule that want of jurisdiction, especially of a court of limited and special jurisdiction, cannot be aided by any waiver of exceptions, or even by express consent. If this is true in ordinary cases, it is so, *a fortiori*, in a case of a probate decree, granting administration." The cases of *Sears* v. *Terry*, 26 Conn., 273, and *First National Bank* v. *Balcom*, 35 Conn., 351, recognize the same principles.

Upon the trial of the case the appellant having presented for allowance, and offered evidence in support of, sundry claims against the estate, the appellees, in defense against these claims and to prevent their allowance, offered in evidence the will of the decedent, Joseph Olmstead, which had been duly proved, and particularly the following clause in it: "Having paid to my son, William W. Olmstead, in my settlement with him, more than his share of my estate, I hereby direct and ordain that he shall have no part or portion of the estate I leave at my decease." To the admission of this evidence the appellant objected, on the ground that it would be admitting the declarations of the decedent in his own favor. But the court overruled the objection and admitted the evidence.

We think this ruling of the court was correct. If the testator had regarded himself as indebted to the appellant he would not have been likely to cut him off from all share in his estate. It is at least a declaration of the testator that he did not regard himself as so indebted, and as such a declaration it was admissible for what it was worth, under the statute which allows memoranda left by deceased persons to be given in evidence in their favor.

A new trial is advised.

In this opinion PARK, C. J., and PARDEE and LOOMIS, Js., concurred.

CARPENTER, J., (dissenting). I concur entirely in the decision of the court with regard to the admission in evidence of the clause in the will of Joseph Olmstead in which he expresses himself, at least substantially, as not owing the

appellant.   Such a declaration in a will. is clearly a written memorandum within the meaning of the statute, and one of more than usual formality and solemnity.   It clearly should go to the jury for them to give it such weight as in view of its character and the circumstances they may think it deserves.

But I can not yield my assent to the decision of the court upon the principal point in the case, nor am I able to perceive the force of the reasoning by which, in the opinion of my brethren, it is sustained.

The conclusion, in which we all concur, that the matter pertaining to the jurisdiction of the court of probate was not a legitimate and proper reason for the appeal, should, I think, have been an end of the case.   I regard it as a sufficient and complete vindication of the ruling of the court below.   That matter was stated as a reason of appeal.   There was no attempt to use it in any other way or for any other purpose. There was no plea to the jurisdiction and no motion to erase from the docket.   On the contrary the pleadings show, what was true in fact, that the appellant attempted to take advantage of it on the trial of the cause upon its merits.   That was irregular, unlawyerlike and improper.   When rejected as a reason of appeal it was rejected for all purposes for which it was offered.   The court was not bound to inquire whether advantage might not have been taken of it in some other way. It was sufficient to meet it as it was presented.   It is conceded that the pleadings lay no foundation for this evidence. The logical conclusion is that it was properly rejected. Whether admissible or not under a plea to the jurisdiction, or as a suggestion to the court of a want of jurisdiction, is a question which, as I can not but regard it, was not before the court, and in respect to which the court therefore could have committed no error.

But with all deference to my associates, for whose opinions I entertain the highest respect, I submit that under no form of pleading, and for no purpose whatever on this appeal, was this evidence admissible.

There are two ways of removing a case from the docket for want of jurisdiction. · 1. By motion, oral or written.   2. By

a plea to the jurisdiction. The first is proper only when the want of jurisdiction is apparent on the record. The second must be resorted to in all cases where the matter showing the want of jurisdiction is *dehors* the record. Such is the case before us. Before the question can be raised the facts must be stated in a plea; and when so stated are traversable; and when traversed, or an issue is formed in any other way, then, and not till then, can the court properly proceed to hear the evidence and try the issue. Now a plea to the jurisdiction is a dilatory plea, and precedes in point of time a plea to the merits. The appellant, if he knew the facts—and there is no pretense that he did not, for the deceased was his own father —was bound to interpose this objection at the time proceedings were first instituted in the court of probate, or within a reasonable time afterwards. He not only omitted to do so, but presented his claim to the commissioners and took his chances of a favorable judgment by that tribunal. Failing there, he appealed to the Superior Court, and before that court we have the unusual spectacle of a party attempting to establish his claim in a court of justice, and at the same time, and upon the same trial, offering evidence to prove that the court has no jurisdiction of the cause. I cannot encourage or countenance such a proceeding—much less aid in giving it a judicial sanction. The jurisdiction of the court depended upon the domicil of the deceased at the time of his death. I think that the appellant, by the course he pursued, admitted the jurisdiction of the court, and waived the objection.

The cases cited from Massachusetts, and which seem to establish a different doctrine, are entitled to but little weight. Their authority is questioned by the editor in a note to *Cutts and others* v. *Haskins*, 9 Mass., 547, and now by statute it is enacted that the jurisdiction assumed in any case by the judge of probate, so far as it depends on the place of residence of any person, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the same record.

But if I am wrong in this, and the doctrine of waiver does

not apply to the case, then the appellant is not aggrieved by the ruling of the court below, because he may even now raise the question in the probate court, the only tribunal in my judgment which has original jurisdiction of the question. To such a proceeding the decision of the Superior Court is no bar. Therefore a new trial will be of no advantage to him, and a refusal to grant a new trial will not prejudice him.

But the decision in this case I regard as objectionable in other respects. The Superior Court is an appellate tribunal. Its powers and duties in this case are measured by the powers and duties of the court below. Those powers and duties are clearly and distinctly defined by statute. Commissioners are "to receive and decide upon the claims of the creditors of said estate." Gen. Statutes, Rev. of 1866, p. 417, sec. 67. The two following sections provide that they shall act upon the claims exhibited to them, and allow such as were exhibited in proper time, and are found to be justly and lawfully due; and their report to the court of probate must contain a list of all the claims exhibited to them, particularly specifying those which they have allowed and those which they have disallowed. Sec. 145, p. 440, provides that "whenever any person shall be aggrieved by the doings of the commissioners in *allowing or rejecting* a claim upon an insolvent estate, &c.," such person may appeal to the Superior Court.

It will not be claimed that there can be found in the statute the slightest intimation that commissioners have any power to hear and determine the question whether the court of probate has jurisdiction of the settlement of the estate in which they are called upon to act; nor, I am sure, can any language be found which can be so construed as to give them that power. This ought, I think, to be conclusive in respect to a statutory tribunal of special and limited powers.

The argument derived from the extreme cases supposed does not meet the question. I am not under the necessity of claiming, and I do not claim, that, in the case supposed, it is the duty of the commissioners to go forward and pass upon the validity of the claims, notwithstanding the supposed dead man may appear alive before them, or his death may be dis-

proved by the most overwhelming testimony. What I claim is that the commissioners have no official power to hear and determine whether the man whose estate is in settlement is dead or alive, or whether he resided in one probate district or another; and that the power to determine that question is in the court of probate alone. When a claim of that kind is made before commissioners their duty is plain—to postpone all action until the appropriate tribunal has settled that question.

It must be conceded that the court of probate has jurisdiction of the question. It cannot, I am sure, be successfully maintained that the commissioners have concurrent jurisdiction. No lawyer would venture to advise a client, who desired to arrest the settlement of an estate in a court of probate which had no jurisdiction, to institute proceedings for that purpose before the commissioners, even if they could be induced to entertain such a proceeding. Application would be made in due form to the court of probate, where the question could be regularly and properly tried; and, until finally determined, all proceedings before the commissioners, or in the Superior Court on an appeal from the doings of commissioners, would be stayed.

The Superior Court, acting *pro hac vice* as commissioners, and in their stead, has no more power to determine this question than they had. It may indeed determine its own jurisdiction, and for that purpose will inspect the record, or make inquiry *aliunde,* to see that the appeal is properly taken; but, in my opinion, it cannot in this proceeding determine the jurisdiction of the court of probate; and for the additional reason that it has no power to control the action of that court. The action of the Superior Court in allowing or rejecting the claim will be transmitted to the court of probate, and that court must conform its action thereto. But if the Superior Court on this appeal should advise the court of probate that it has no jurisdiction of the settlement of this estate, and direct it to suspend proceedings, it would be, it seems to me, a usurpation of jurisdiction as manifest and flagrant as the usurpation of the court of probate would have been if all that

is alleged in the third reason of appeal be strictly true; and I do not see why that court might not properly disregard such an order as *coram non judice*, and, with perfect propriety, proceed and complete the settlement of the estate. It has before it the report of the commissioners. Their doings in allowing or rejecting all claims in respect to which no appeal was taken, are unaffected by the appeal. Whether their judgment on the claims which are the subject of this appeal is or is not vacated, is perhaps an open question. Appeals from probate, unlike appeals from the judgments of justices of the peace, do not vacate the judgments appealed from, but they remain in force until actually reversed by the Superior Court. The judgment of the commissioners, in rejecting the appellant's claim, not being reversed, and the Superior Court refusing to take jurisdiction of the appeal, I think the court of probate would be justified in treating the original report as if it had not been appealed from.

There is danger that the doctrine enunciated in this case will lead to a conflict of jurisdiction. Suppose the Superior Court should find one way on this question, and the court of probate, which certainly has the power to determine its own jurisdiction, should find directly the contrary; which finding is to prevail? If the judge of probate should feel constrained to follow his own convictions and disregard the order of the Superior Court,—regarding it, as he probably would, as an unauthorized interference with his duties,—by what process or by what authority can the Superior Court enforce its decree? No such authority is found in the statute, it is not found in any precedent, and I am not aware of any principle of the common law from which it can be derived. The Superior Court then is engaged in a futile and useless work, or it must resort to some power wholly unknown to the law to enforce its decree. A decision which results, or which may result, in such consequences, cannot, it seems to me, be a wise one.