## ˙CHARLOTTE LUCILLE WHITEHEAD *vs.* OWEN F. ROBERTS ET AL.

\* Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

By merely giving an order of notice for a hearing upon an application
for the probate of a will, a Court of Probate does not, *it seems*,
assume such jurisdiction over the settlement of the decedent's
estate as to warrant the issue of a writ of prohibition.

It is always competent for a court to institute inquiries into matters of
fact on which its jurisdiction depends. Accordingly, the question
whether the decedent whose˙ will is presented for probate was
domiciled in the probate district or elsewhere, is one which the
Court of Probate in the first instance, and the Superior Court on
appeal, is not only empowered, but is in duty bound, to decide; a
domicil within the probate district being a jurisdictional fact, and
one which must be found and appear of record at least so far as
the Court of Probate is concerned.

That such a decision by the Court of Probate may be open to collateral
attack, or that it may be erroneous, is not a sufficient reason for
. issuing a writ of prohibition.

The existence of jurisdictional facts is not presumed in respect to
courts of limited jurisdiction, like Courts of Probate in this State.

In the present case the petition for the writ of prohibition alleged,
among other things, that the testatrix died domiciled in New York.
*Held* that a demurrer admitted the New York domicil only for the
purpose of testing the legal sufficiency of the averments of the
petition, and thus raised in a proper way the real question at issue:
whether the residence of the testatrix should be first decided by the
Superior Court upon a writ of prohibition, or by the Court of
Probate upon the application to prove her will.

A writ of prohibition should be issued with great caution and only in
cases where there is no other regular and adequate remedy. Ac-
cordingly it will not lie in this State to arrest proceedings in a
Court of Probate upon the alleged, but disputed, ground, that
the decedent was not a resident of the district in which his will is
offered for probate. Under such circumstances the ordinary remedy
by appeal should be pursued.

The cases of *Olmstead's Appeal*, 43 Conn. 110, and *Fayerweather* v.
*Monson*, 61 Conn. 431, explained and distinguished.

Argued October 25th—decided December 19th, 1912.

\* Transferred from first judicial district.

COMPLAINT praying for a writ of prohibition to restrain the judge of the Court of Probate for the district of Avon from proceeding to take cognizance of an application for the probate of the will of Cornelia W. Roberts, deceased, brought to the *Hon. Marcus H. Holcomb*, a judge of the Superior Court, who issued a rule to show cause returnable before the Superior Court in Hartford County, where the case was afterward tried on demurrer to the complaint; the court (*Ralph Wheeler, J.*) sustained the demurrer and rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

*William Waldo Hyde* and *Alvan Waldo Hyde*, for the appellant (plaintiff).

*Lucius F. Robinson* and *John T. Robinson*, for the appellees (defendants).

HALL, C. J. The plaintiff is a residuary legatee under the will of Cornelia W. Roberts, deceased. The defendant Owen F. Roberts is an executor under said will, and the defendant Miller is the judge of probate for the district of Avon in this State.

The application contains these allegations, among others: "The Court of Probate for the probate district of Avon, and State of Connecticut, is exceeding its jurisdiction in that it has taken cognizance of the application of Owen F. Roberts for the admission to probate of the will of Cornelia W. Roberts, late of the city, county, and state of New York, deceased, and has assumed jurisdiction of the settlement of the estate bequeathed and devised by said will as a will of a resident of the Probate District of Avon.

"The said Cornelia W. Roberts died on the day of          1912, a resident of and domiciled in said State of New York, leaving a will in which the said

Charlotte Lucille Whitehead is named as residuary legatee and the said Owen F. Roberts, husband of said deceased, and Louis Cass Ledyard, Jr., are named as executors. . . .

"Subsequent to the death of the said Cornelia W. Roberts, said Owen F. Roberts, her husband, delivered said will into the custody of said Court of Probate for the district of Avon and filed his application alleging that the said Cornelia W. Roberts died a resident of said district and praying that said will be admitted to probate.

"Upon said application, said Court of Probate for the District of Avon issued an order of notice for a hearing upon said application to be held upon the 5th day of September, 1912, and upon said date the parties appeared and said hearing was continued until the first day of October, 1912."

Upon this application an order was issued requiring the defendants to appear before the Superior Court and show cause why the application should not be granted, and that no further action be taken by the Court of Probate in the matter of the probate of said will, pending the hearing upon the rule to show cause.

Upon said order to show cause the defendant Roberts appeared and demurred to the application. The demurrer was sustained by the Superior Court. There were nine grounds of demurrer, which need not be repeated here. The principal questions presented by the demurrer are these:—

First. Do the facts alleged in the application show that the Court of Probate has assumed jurisdiction of the settlement of the estate of the testatrix?

Second. Does the law give to the plaintiff an opportunity to present in the Court of Probate, and in the Superior Court by an appeal, the question of the residence of the testatrix, at the time of her death?

Third. If such opportunity is afforded the plaintiff, is she entitled to the writ of prohibition asked for in the application?

The averment of the application respecting the first question is that the Court of Probate has taken cognizance of the application of the executor, Roberts, for the admission of the will to probate, and has assumed jurisdiction of the estate of Mrs. Roberts, as the estate of one who died a resident of the probate district of Avon. What it is alleged the executor did, was to deliver the will into the custody of the Court of Probate, and to file an application with that court alleging that the testatrix died a resident of said district, and asking that the will be admitted to probate in that district. This the law required the executor to do if he claimed that the testatrix last dwelt in the district of Avon. The only way in which it is alleged that the Court of Probate assumed jurisdiction of the settlement of the estate, was that it issued an order of notice for a hearing on a named day, upon said application. This the law required the Court of Probate, upon such application, to do before admitting the will to probate. General Statutes, § 301. This hearing, owing to the restraining order upon the application for the writ of prohibition, has never been had. The Court of Probate has, therefore, not admitted the will in question to probate, nor has it ever decided whether the averment of the application for the probate of the will, that the testatrix died a resident of the probate district of Avon, is or is not true, nor whether the Court of Probate of Avon has or has not jurisdiction of the settlement of Mrs. Roberts' estate.

Regarding the second question, the law would have permitted the plaintiff, Whitehead, to present her claim that Mrs. Roberts died a resident of New York, and to present her evidence in support of such claim,

at the hearing fixed by the Court of Probate for September 5th, had she chosen to do so; and it would not only have been within the jurisdiction of the Court of Probate to decide that question, but it would have been its duty to do so. General Statutes, § 301; *Beach's Appeal*, 76 Conn. 118, 122, 55 Atl. 596; *Mack's Appeal*, 71 Conn. 122, 130, 41 Atl. 242; *Culver's Appeal*, 48 Conn. 165, 171. It is always competent for a court to institute inquiries into matters of fact on which its jurisdiction depends. *Huntington* v. *Birch*, 12 Conn. 142, 152. In tribunals of limited jurisdiction, like our courts of probate, in which there is no presumption in favor of the existence of jurisdictional facts, they must appear of record in order to give validity to their orders and judgments, and such facts must be found by such tribunals.

The effect of the demurrer to the application for a writ of prohibition, which alleges that the testatrix died a resident of New York, is not an admission that the Court of Probate could not properly entertain the application of the executor for the probate of the will. That application alleged that the testatrix died a resident of the probate district of Avon. The demurrer was a proper method of raising the question of whether the matter of the residence of the testatrix should be first decided by the Superior Court upon a writ of prohibition, or by the Court of Probate. It admitted the allegation that the testatrix resided in New York, only for the purpose of testing the sufficiency of the application for a writ of prohibition.

As the Court of Probate has jurisdiction to primarily decide the question of the residence of the testatrix, it is to be presumed that it will decide it correctly. *Butler* v. *Sisson*, 49 Conn. 580, 589. If it decides it in favor of the present plaintiff, she will not be so aggrieved as to entitle her to a writ of prohibition merely

because the Court of Probate's decision of such jurisdictional question may be collaterally attacked. Such judgment of the Court of Probate would stand as a valid decision of a jurisdictional fact until directly or collaterally impeached.

As the Court of Probate has jurisdiction to determine the preliminary question of the testatrix's residence, this plaintiff would have a right of appeal from an adverse decision of the Court of Probate upon that question, and a right to have the question of residence decided by the Superior Court; and the judgment of that court upon that question of fact would be conclusive, and if in favor of the appellant, the judgment of the Court of Probate would be set aside.

From certain language in the opinion in *Olmstead's Appeal*, 43 Conn. 110, and which is referred to in *Fayerweather* v. *Monson*, 61 Conn. 431, 443, 23 Atl. 878, it seems to be claimed in this case that an appeal by this plaintiff to the Superior Court from a decision adverse to her upon said question of residence, and based upon the alleged fact that the testatrix died a resident of New York, and that, therefore, the Court of Probate of Avon had no jurisdiction of the settlement of her estate, would not lie, and if attempted to be taken, such appeal, as soon as it was discovered that neither the Court of Probate of Avon, nor the Superior Court, had jurisdiction to admit Mrs. Roberts' will to probate or to settle her estate, would be dismissed by the Superior Court, without any decision of the question of the residence of the testatrix.

We find in *Olmstead's Appeal*, p. 113, this language: "If it be true, as the appellant alleges, that the Superior Court has no jurisdiction, so far from constituting a reason for an appeal to it, it constitutes a conclusive reason why an appeal should not be taken"; and on page 119: "It was the duty of that court [the Superior

Court] to dismiss the case whenever it discovered that it had no jurisdiction over it. . . ." That case was an appeal from the doings of commissioners. The allowance of certain claims and the disallowance of others were two of the reasons of appeal assigned. The third was that Mr. Olmstead was not, at the time of his death, a resident of the probate district, the Court of Probate of which had assumed the settlement of his estate and had appointed the commissioners who had passed upon the claims in question, and that therefore neither said Court of Probate nor the Superior Court "*had jurisdiction* of this case." Evidently no question of jurisdiction had been raised or decided at the hearing before the commissioners or in the Court of Probate. Upon the trial in the Superior Court the appellant offered evidence to prove that the deceased was not a resident of the probate district in which the estate was in process of settlement, and the Superior Court rejected it. This court, in granting a new trial, said, in effect, that while the fact of such nonresidence was not a proper reason of appeal from the doings of commissioners, for the purpose of obtaining a rehearing upon the question of the allowance and disallowance of certain claims by the commissioners, it was provable for the purpose of showing that neither the Superior Court, nor the Court of Probate, had jurisdiction of the case; that if the alleged fact of nonresidence was proved, it would be "quite idle to examine the validity of the claims presented against the estate," and that if the Superior Court should dismiss the appeal for such want of jurisdiction it would be "a perpetual suspension of proceedings in the Court of Probate." It follows, therefore, that such dismissal of the case by the Superior Court would involve a decision by that court that the Court of Probate had no jurisdiction of the proceeding before it.

The language referred to in the opinion in *Olmstead's Appeal*, 43 Conn. 110, does not mean that an erroneous decision or action by a Court of Probate regarding a jurisdictional fact, may not be made the ground of an appeal to the Superior Court for the purpose of procuring a reversal of such decision or action. Section 406 of the General Statutes provides that "any person aggrieved by any order, denial or decree of a court of probate, in any matter, . . . may appeal therefrom to the Superior Court. . . ." In *Hoyt* v. *Brooks*, 10 Conn. 188, 192, it is said that "every act of the court of probate is subject to revision by appeal." In *Sturges* v. *Peck*, 12 Conn. 139, 142, it is said that even if an order of a Court of Probate is void, an appeal may be very appropriate, to "place upon the record the real truth of the case, and save the proceedings from all appearance of inconsistency."

In *Beach's Appeal*, 76 Conn. 118, 121, 55 Atl. 596, a Court of Probate of this State passed an order appointing an administrator on the estate of Beach. An appeal was taken to the Superior Court, upon the ground that Beach at the time of his death resided and was domiciled in the State of New York, and that neither the Court of Probate nor the Superior Court of this State had jurisdiction to appoint such administrator. Upon the reservation of the appeal to this court, we said: "Upon this appeal the Superior Court had full jurisdiction of the subject-matter . . . and within the issues presented by the appeal the court tries the cause *de novo*. The issues . . . are these: Was Moses S. Beach at the time of his death an inhabitant of this State? The appeal alleges that he was not an inhabitant and did not leave property in this State. . . . If the court finds that the intestate did not live in this State and did not leave property here, the appellant is entitled to judgment and the probate order must be set aside."

The plaintiff claims that although she may have such remedy in the Court of Probate, and by appeal to the Superior Court, it is not an adequate remedy, and that she is still entitled to a writ of prohibition; and, among other authorities, cites the case of *Fayerweather* v. *Monson,* 61 Conn. 431, 23 Atl. 878, in support of that claim. It is true that it was held, upon the facts in that case, that the writ of prohibition should be issued. As the question whether the remedies afforded by a hearing in the Court of Probate, and by appeal to the Superior Court, are equally effective with that given by a writ of prohibition, is to be determined largely by the peculiar facts of each case (*State ex rel. Ellis* v. *Elkin,* 130 Mo. 90, 109, 30 S. W. 333, 31 id. 1037), we have no occasion to question here the correctness of the decision in that case. But as the facts in that case differ essentially from those in the case at bar, it cannot control the decision of this case. The decision in that case seems to have been based mainly upon the fact, regarding which there was apparently no dispute, that the insolvency petition, under which the Court of Probate was about to appoint a trustee, had been withdrawn, and that the facts apparent upon the record and admitted by the application for a revival of the insolvency petition, and for the appointment of a trustee, therefore clearly showed that neither the Court of Probate, nor the Superior Court, could have jurisdiction to appoint the trustee, which the Court of Probate had decided to appoint. In the case before us it was alleged, in the application to admit the will to probate, that the deceased resided in the probate district of Avon, and the truth of that allegation has not been passed upon by the Court of Probate. The plaintiff desires to contest the truth of this averment. That seems to be the only dispute between the parties, and that dispute the plaintiff claims the right to have

settled by the Superior Court upon a writ of prohibition, rather than in the ordinary manner by the Court of Probate primarily, to which the settlement of the estates of deceased persons is, in this State, committed by statute, and by the Superior Court only when an appeal is taken to it from the decision of the Court of Probate.

That the Court of Probate may render an erroneous decision can never be a ground for issuing a writ of prohibition. 1 Swift's Dig. 565. It is a prerogative writ, to be issued with great caution, and for securing order and regularity in all tribunals, where there is no other regular and ordinary remedy. *Sherwood* v. *New England Knitting Co.*, 68 Conn. 543, 549, 37 Atl. 388. Where, as in this State, there is a remedy by appeal, it will not lie to arrest the proceedings in a Court of Probate, upon the ground that the decedent was not a resident of the district in the Court of Probate of which a will is offered to be proved. *People ex rel. James* v. *Surrogate's Court*, 36 Hun (N. Y.) 218; *State ex rel. Baldwin* v. *Superior Court*, 11 Wash. St. 111, 39 Pac. 818; *Preston* v. *Fidelity T. & S. Vault Co.*, 94 Ky. 295, 22 S. W. 318; *State ex rel. Richardson* v. *Withrow*, 141 Mo. 69, 41 S. W. 980.

The Superior Court committed no error in sustaining the demurrer to the application for a writ of prohibition.

There is no error.

In this opinion the other judges concurred.