W. P. MAYO v. WESTERN UNION TELEGRAPH COMPANY.

*Telegraph Companies—Railroad Commission, jurisdiction of.*

1. The Railroad Commission Act (ch. 320, Laws of 1891) confers upon the Commission no power to prescribe rules or regulations for telegraph companies other than those directed by section 26 of said act, which requires it to fix rates, etc.

2. For a violation of the rules prescribed by the Commission fixing rates for messages the Commission may serve notice of such violation on the offender, and may, on hearing, direct full compensation to the injured party, enforceable by civil action under section 10.

3. Where a complaint against a telegraph company charges defendant with specific instances of unnecessary delay in transmitting and delivering messages, but alleges no violation of the regulations of the Commission prescribing the rates of charges for messages, it states no cause of action under the act.

This case was commenced before the Railroad Commission by petition of plaintiff, a resident of Mount Airy, who complained that in two instances the defendant corporation was negligent, and unnecessarily delayed the transmission of

messages between himself and his correspondents at Henderson and Winston, to his serious inconvenience and damage. The petitions alleged that the defendant is subject to the act of Assembly establishing the Railroad Commission and providing for the general supervision of railroad, steamboat or canal companies, express and telegraph companies doing business in the State of North Carolina. The prayer of the petition was as follows:

"That the defendant may be required to answer the charges herein, and that after due hearing and investigation, an order be made commanding the defendant to cease and desist from said violation of the act to provide for the supervision of railroad, steam-boat or canal companies, express and telegraph companies doing business in the State of North Carolina, and for such other and further orders as the Commission may deem necessary in the premises."

The defendant filed a demurrer, assigning as grounds thereof that—

1. The Court has no jurisdiction of the subject of this action.

2. That the petitions do not state facts sufficient to constitute a cause of action, because it is not alleged that the acts complained of were in violation of any rule or regulation provided and prescribed by the Commission.

The Commissioners overruled the demurrer and required the defendant to answer, whereupon defendant appealed to the Superior Court of Wake County, at the October, 1892, Term of which Bryan, Judge, sustained the demurrer and dismissed the case, from which judgment plaintiff appealed.

*Mr. R. O. Burton*, for plaintiff (appellant).
*Messrs. Strong & Strong*, for defendant.

MacRae, J.: We had occasion, at the last Term, in the *Express Co.* v. *Railroad Co.*, 111 N. C., 463, to consider the scope and purpose of the Railroad Commission Act, ch. 320, Acts of 1891, and to remark upon the failure of the act to define with more exactness the powers and duties of this important function. There was no difficulty, however, in reaching the conclusion that ample authority was conferred upon the Commission to entertain and pass upon complaints for violations of the rules and regulations respecting matters embraced within section 4 of the act. We may now extend this conclusion as to the authority of the Commission to all subjects with regard to which the act in question directs or empowers them to make rules and regulations; and it will be our duty to inquire as to the extent of such authority as conferred by said act.

Confining ourselves to the question before us—section 5 directs the Commission to make reasonable and just rates of freight and passenger tariff; reasonable and just rules and regulations to be observed by all railroad companies doing business in this State, as to charges at any and all stations for the necessary handling and delivering of freight; such just and reasonable regulations as may be necessary for preventing unjust discrimination in the transportation of freight and passengers on the railroads in the State; reasonable and just rates of charges for use of railroad cars carrying any and all kinds of freight and passengers on said railroad; just and reasonable rules and regulations to be observed by said railroad companies to prevent the giving, paying or receiving of any rebate or *bonus*, directly or indirectly, and from misleading or deceiving the public in any manner as to the real rates charged for freight or passengers.

By section 6 the Commission is empowered to make, conjointly with carriers of freight to and from points beyond

the limits of the State, special rates for the purpose of developing manufactures, etc., in the State.

By section 7 it is required that they shall make rates of charges for transportation of passengers and freights and cars, subject to the right of appeal to the Superior Court. And section 9 provides for such rules and regulations concerning contracts and agreements between railroad companies as to freight and passenger rates as may then be deemed necessary and proper.

Section 13 extends the meaning of the words "such companies" and "railroad companies" to all corporations, companies or individuals owning or operating railroads, steam-boats, canals, express business and *telegraph lines.*

And section 26 requires the Commission to make rates of charges by express companies and for the transmission of messages by any telegraph line or lines doing business in this State, and provides for penalties upon said companies for charging higher rates than those fixed by the Commission, actions to recover said penalties to be brought as provided in section 7.

Section 10 provides for notice to railroad companies (and by virtue of section 13 this term will embrace telegraph lines) violating these rules and regulations, and for ample and full recompense for the wrong and injury done thereby, to be directed by the Commission, and to be enforced by penalties to be fixed by the Judge of the Court in which the action shall be tried, which penalties are to be recovered by action in the name of the State.

We have thus examined the statute with a view to ascertain the powers and duties of the Commission as to the making of rules and regulations and the enforcing of the same; it was not necessary to refer to the power given to make rules of procedure, nor to consider the effect of chapter

498 of the Acts of 1891 making the Commission a court of record.

It will be observed that all of these sections are highly penal in their nature, and intelligent minds will at once concede that while it is our duty to interpret the whole law in a fair and even liberal spirit in order to reach its true intent, we are likewise required by all the principles of construction not to extend this interpretation beyond the plain and evident meaning of the words employed, in that sense which will ascertain the policy and object of the Legislature.

There is nothing to show the intent of the statute to give to the Commission power to prescribe other rules and regulations for telegraph lines than those directed in section 26, with regard to their charges for the transmission of messages, as neither of the other sections could be made to apply to telegraph, even if the same had been specifically named.

In our opinion, for any violation of the rules prescribed by the Commission, fixing the rates to be charged for transmission of messages by telegraph, the Commission may cause notice to be served upon the companies or persons charged with such violation. And upon a proper hearing before them under such procedure as they may legally prescribe, they may ascertain and direct ample and full recompense to be made by the company, corporation or person so offending against said rules, which recompense may be enforced by civil action, as prescribed in section 10. We are not called upon now to determine the effect to be given the findings and direction of the Commission, whether *prima facie* or conclusive, if not appealed from, in the action for the penalty. It is enacted in the proviso attached to section 29 of the same act, " that from all decisions and determinations arising under the operation and enforce-

ment of this act the party or corporation affected thereby shall be entitled to appeal therefrom."

The complaint alleges no violation of the regulation, circular 3, prescribing the rates of charges for the transmission of messages by telegraph.

It therefore does not state grounds sufficient to constitute a cause of action, because it is not alleged that the acts complained of were in violation of any rule or regulation prescribed by the Commission.

The plaintiff, if he has a cause of action, is left to his remedy in the Courts as existing before the passage of the act which we have had under consideration.

Judgment Affirmed.