STATE ex rel Board of Railroad Commissioners and C. T. PATE et al (Petitioners), v. THE WILMINGTON & WELDON RAILROAD COMPANY.

(Decided March 8, 1898.)

*Railroad Commission—Powers of General Assembly— Establishment of Courts—Allotment of Jurisdiction —Appeals to Supreme Court.*

1. The Superior Court having been created by the Constitution, the General Assembly cannot abolish it in whole or in part.
2. While the General Assembly may, under Section 12, Article IV of the Constitution, confer upon the courts established by it inferior to the Supreme Court original jurisdiction, exclusive or concurrent with the Superior Court, of any matters heretofore cognizable in

the latter Court (except appellate jurisdiction over Justices of the Peace), it cannot change the status of the Superior Court as the head of the Superior Court system.

3. Though the Railroad Commission is a court of record, "inferior to the Supreme Court," with the inherent power pertaining to all courts to punish for contempt, &c., it is, properly, an administrative court, and all its orders and regulations are merely the basis of judicial action in the Superior Court to enforce them or punish their violation, and, until there has been a judicial adjudication of the validity of its action in any particular case, there can be no appeal to the Supreme Court, whose jurisdiction (save in the case of claims against the State), is appellate. Hence,

4. Section 29 of the Railroad Commission Act (Chapter 320, Acts of 1891), authorizing an appeal from the Commission direct to the Supreme Court, "where no exception is made to the facts as found by the Commission," is in conflict with Section 9, Article IV of the Constitution, which gives to the Supreme Court appellate jurisdiction only except of claims against the State.

PETITION by C. T. Pate and other citizens of the State living near Purvis, on the Wilson & Fayetteville Branch of the Wilmington & Weldon Railroad Company, filed with the Railroad Commission, asking that an order be made requiring the defendant to establish a railroad station, with freight, express and telegraph office at Purvis. The Commission, after finding the facts, rendered judgment as follows :

"The Commission concludes, from the evidence and information received, that the public convenience and necessity demand, and the business that is and would be offered at Purvis is such as to justify the defendant in erecting a station building and establishing an agency, but the Commission is of opinion, and it is so adjudged, that it cannot grant relief asked for by the petitioners, in that it is not authorized by the Act creating the Commission to compel the erection of station houses and the establishment of agencies where there is no building or regular station already established." The petition was

therefore dismissed, and the petitioners excepted and appealed to the Supreme Court.

*Messrs. Jones & Boykin* for petitioners, (appellants.)
*Mr. R. O. Burton* for defendant.

CLARK, J.: The appellee moves to dismiss this appeal because taken direct from the Rail Road Commission to this Court instead of to the Superior Court. The point was considered and adjudged in the cases of *Rhyne* v. *Lipscombe*, *State* v. *Ray* and *Tate* v. *Commissioners*, at this Term. It was held in those cases that the Superior Court having been created by the Constitution, the Legislature could not abolish it either in whole or in part and that Section 12 Article IV authorizing the General Assembly to allot and apportion the jurisdiction of courts below the Supreme Court "without conflict with other provisions of the Constitution," conferred on the Legislature power to give to courts created by it original jurisdiction exclusive or concurrent with the Superior Court, of any matters heretofore cognizable in the latter court (though not appellate jurisdiction over Justices of the Peace), but this did not carry power to change the status of the Superior Court, which was created as the head of the Court system, below this Court, and that from it alone appeals lie to this Court. The historic and legal meaning of the term "Superior Court," well understood when the Constitution was adopted, is to be regarded in construing the language of the Constitution which again created it and provided for the election and terms of its officers, the residence and rotation of its Judges. Consequently, it was held that while the General Assembly could allot and distribute the original jurisdiction hitherto belonging

to the Superior Court, it could not deprive that Court of its headship of the court system below this Court.

Section 7 of the Act creating the Rail Road Commission (ch. 320, Acts 1891), recognizes this by providing for appeals from the Commission to the Superior Court, and that from the judgment of the latter either party might appeal to this Court. The provision in Sec. 29 of said Act authorizing an appeal from said Commission direct to this Court "when no exception is made to the facts as found by the Commission," we are constrained to hold invalid for even a stronger reason than that which impelled us to dismiss an appeal from the Criminal Circuit Court in *State* v. *Ray*, at this Term.

The Railroad Commission is a court of record, (Acts 1891, ch. 428), and a court "inferior to the Supreme Court," in the purview of Sec. 12, Art. IV, of the Constitution and of course with powers inherent in all courts as to punish for contempt, etc., (*Express Co.* v. *R. R.*, 111 N. C., 463), but as was held in *Caldwell* v. *Wilson*, 121 N. C., 425, it is an administrative court (somewhat like the Board of County Commissioners). It can issue no execution upon the fines or penalties laid by it, but they must be collected by action in the Superior Court (*Mayo* v. *Tel. Co.*, 112 N. C., 343) and in such action the Rail Road Commission occupies the position of relator and not that of a lower court from which an appeal has been taken. *R. R. Commission* v. *Tel. Co.*, 113 N. C., 213. Its orders and regulations are merely the basis of judicial action in the Superior Court to enforce them or to punish their violation. Acts 1891, ch. 320, sections 7 and 10. If, therefore, this Court could entertain appeals direct from an order of the Railroad Commission, it would be assuming original jurisdiction of a matter as to which, though heard and de-

termined by a Board of competent jurisdiction, *Leavell* v. *Tel. Co.*, 116 N. C., 211, there has been no judicial adjudication of its validity nor proceedings to punish its violation, whereas the jurisdiction of this Court is appellate only, except in the case of claims against the State (Art. IV, Sec. 9), in which instance, its decisions are merely recommendatory. The appeal must be dismissed. In *Leavell* v. *Tel. Co.*, *supra*, this point was not raised. If the Rail Road Commission shall adhere to the ruling made in this case, the appeal will lie in the first instance to the Superior Court, and thence the party cast has his appeal, if he so elect, to this Court.

Appeal dismissed.