[S. F. No. 2918.    Department Two.—December 24, 1904.]

## MARIN COUNTY WATER COMPANY, Appellant, v. COUNTY OF MARIN, Respondent.

EMINENT DOMAIN—CONDEMNATION OF ROAD OVER LANDS OWNED BY WATER COMPANY—MORE NECESSARY PUBLIC USE.—A water company engaged in the public use of supplying pure and fresh water to the inhabitants of a county, and which has the title to lands subject to the easement of a public road thereon, may, under subdivision 3 of section 1240 of the Code of Civil Procedure, maintain a proceeding in eminent domain against the county to condemn part of such road for the construction and maintenance of a dam and reservoir thereon where it appears that such use thereof is a more necessary public use than that of the road to which it had been already appropriated.

APPEAL from a judgment of the Superior Court of Marin County.    Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, and E. B. Martinelli, for Appellant.

Thomas P. Boyd, and James Alva Watt, for Respondent.

McFARLAND, J.—A demurrer of defendant county of Marin to the complaint for want of jurisdiction, and an insufficiency of stated facts to constitute a cause of action, was sustained without leave to amend, and judgment rendered for said defendant.  From this judgment plaintiff appeals. The material averments of the complaint, which presents a proceeding in eminent domain, are, that the plaintiff is a corporation engaged in the business of supplying the inhabitants of Marin County with pure and fresh water; that defendant county of Marin is a body corporate and a political

division of the state; that in order that plaintiff may exercise its public use of supplying water as aforesaid it is necessary for it to construct and maintain a dam and reservoir at a certain point, and to take certain described property for the purpose of flooding and permanently covering the same with water by means of said dam and reservoir. It is further averred that the title in fee to said premises is in plaintiff, but that they are ''subject to an easement in favor of defendant county of Marin for the uses of a highway, and that the premises sought to be taken herein are a part of the highway or road sometimes called the Fairfax and Bolinas Bay road.'' It is further averred that the public use for which the property is sought to be taken ''is a more necessary public use than that to which it is now appropriated,'' for certain reasons stated. And it is further averred that defendant county of Marin has refused to vacate the part of the road sought to be taken, or to fix any terms upon which it will consent to permit plaintiff to acquire or have the use thereof. The prayer is, that it may be adjudged that plaintiff have the right to take and hold the said premises for the alleged public use, upon its making compensation to be ascertained, etc.

The question presented is an important one, and we do not know of any former decision of this court in which it has arisen or been determined. After a full consideration of the subject, we have reached the conclusion that the plaintiff has the right to the judgment of condemnation prayed for, if it can prove the averments of the complaint; and that therefore the demurrer was improperly sustained.

It may be conceded that the right of a person, natural or artificial, to exercise the power of eminent domain must be found in some statutory provision. The two provisions of law which are mainly important here are section 1237 and the first three subdivisions of section 1240 of the Code of Civil Procedure. Section 1237 is as follows: ''Eminent domain is the right of the people or government to take private property for public use. This right may be exercised in the manner provided in this title.'' It is contended by respondent that this definition of eminent domain confines it to private property; that this definition attaches to and qualifies all subsequent provisions; and that the property sought to be taken in the case at bar is not private property, and therefore not

within the reach of the power of eminent domain. But section 1240, to and including subdivision 3, is as follows: "The private property which may be taken under this title includes: 1. All real property belonging to any person; 2. Lands belonging to this state, . . . or to any county, incorporated city, or city and county, village or town, not appropriated to some public use; 3. Property appropriated to public use; but such property shall not be taken unless for a more necessary public use than that to which it has been already appropriated." These provisions of section 1240 describe and enumerate the kinds of property which, for the purpose of the exercise of eminent domain, shall be deemed to be private property, and "which may be taken under this title"; and in subdivision 3 there is placed in this category, without qualification, "property appropriated to public use." Therefore property appropriated to public use, which includes the property involved in the case at bar, "may be taken" unless the particular property sought to be taken in a given case is excepted and excluded by some other provision. There is such an exception in subdivision 2, which provides that lands belonging to the state or a municipality can be taken only when the land had not already been "appropriated to some public use." In the case at bar the land which had been appropriated to a prior public use did not belong to the county of Marin, or to any other municipality; it belonged to appellant. There is here then presented the case of land belonging to a private person which had been appropriated to a public use, and which under said subdivision 3 may be taken "for a more necessary public use than that to which it has been already appropriated."

Counsel on each side have given instances where unjust or mischievous consequences would follow from the view of the law opposite to that contended by them. The consequences which would follow any particular decision are hardly legitimate arguments to be considered in determining what the law is; but one or two of them may be noticed. Counsel for respondent say that if appellant's view be sustained, then, for instance, a public square or park or schoolhouse might be taken by a private person or corporation under the power of eminent domain. But this apprehension is practically answered by subdivision 2 of section 1240, which provides that

lands belonging to the state or to a municipality which have been already appropriated to a public use cannot be taken under eminent domain for another public use. On the other hand, it is said that if a public road can in no instance be taken for a more necessary public use, then a city desirous of establishing waterworks, or a company furnishing water to a city, could not acquire and maintain dams and reservoirs in another county, no matter how necessary they might be, if a public road, though of little use, happened to run through part of the land necessary to be taken. However, whatever consequences may flow from any particular view, we must declare the law to be as we find it; and considering all the provisions of the code together as they stand, we think that the law on the subject is as above stated. The legislature has always the power to change the law when experience shows that a change is necessary. We do not think that the provisions of the Political Code giving the board of supervisors certain general powers as to laying out and closing public roads have any bearing on the question here involved.

The judgment is reversed, with direction to the court below to overrule the demurrer to the complaint.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.