[Sac. No. 1535.* In Bank.—May 15, 1907.]

## RECLAMATION DISTRICT NO. 551 et al., Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO et al., Respondents.

EMINENT DOMAIN—CONDEMNATION OF RECLAMATION RIGHT OF WAY AND LEVEES FOR RAILROAD.—Under subdivision 5 of section 1240 of the Code of Civil Procedure, providing that ''All rights of way for any and all the purposes mentioned in section twelve hundred and thirty-eight, and any and all structures and improvements thereon, and the lands held or used in connection therewith shall be subject to be connected with, crossed, or intersected by any other right of way or improvements or structures thereon,'' the right of way of a reclamation district for levee purposes, and the levee constructed thereon, may be subjected to a limited use by a railroad company for right of way purposes for its railroad, such use to be in common with that of the district. The application of this provision of the section is not restricted to property owned by private persons or corporations, and the fact that the right of way of the district and the levee constructed thereon constitute public property acquired by the agents of the state for state purposes does not preclude its application to such property. There is no constitutional objection to such a construction of the statute.

ID.—EASEMENT FOR LEVEE IS A RIGHT OF WAY.—The easement of a reclamation district for its levee constitutes a ''right of way'' within the meaning of that term as used in subdivision 5 of section 1240 of the Code of Civil Procedure, and is a right of way for one of the purposes mentioned in section 1238 of that code, enumerating the public uses in behalf of which the right of eminent domain may be exercised.

ID.—SUBSEQUENT LESS NECESSARY PUBLIC USE—USE IN COMMON.— Where, as in the case of the right of way for a railway, the subsequent use is not a more necessary public use than that to which the property has been already appropriated, there can be no such interference with the former use as will substantially or materially affect the efficiency of the reclamation works. But it cannot be said, as matter of law, that a limited use by the railway in common with the reclamation district cannot be so regulated that there will be no material interference with the reclamation works.

ID.—JURISDICTION OF SUPERIOR COURT—FACTS JUSTIFYING TAKING.—The superior court has jurisdiction of an action in eminent domain to condemn for the use of a railroad right of way a strip of land which is already subject to an easement for a levee of a reclamation district, and whether or not the facts in such action are such as to justify the taking is for the determination of the trial court in the lawful exercise of its jurisdiction, and cannot be determined on prohibition.

APPLICATION for a Writ of Prohibition to the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, for Petitioners.

Devlin & Devlin, for Respondents.

ANGELLOTTI, J.—This is an application, on notice, by a reclamation district and the members of the board of trustees of said district for a writ of prohibition, restraining the superior court of Sacramento County from proceeding with the trial of an action instituted in said court by the Sacramento Southern Railroad Company, a corporation, for the condemnation of a strip of land 1,349.6 feet long, situate in said county, for the purposes of a railroad right of way. According to the allegations of the complaint in such action, the Onisbo Improvement Company, a corporation, is the owner of the strip of land and of the larger tract of which

it forms a part, while one P. J. van Loben Sels and the People's Savings Bank claim an interest therein. It further appears from the complaint in such action that the greater part of such strip is subject to an easement for a levee already constructed and now maintained thereon, known as the levee of reclamation district No. 551, which levee is under the control of the trustees of said district, and that it is designed to construct the proposed railroad on said levee in part, it being alleged that said levee easement and the easement sought in the action can coexist without in any manner interfering with each other. All of the persons interested in said land, including the reclamation district and its trustees, are parties defendant in such action. A demurrer to the complaint has been overruled, and an answer has been filed, and the trial court will proceed with the trial of the action unless restrained.

Plaintiffs' claim is that the court has no jurisdiction to try, or otherwise entertain, said action, for the reason that there is no authority in law by which a railroad corporation is empowered to condemn or use the levees of a reclamation district, or to make a joint public use thereof, and because such use will necessarily obstruct the trustees of the district in the control, management, alteration, repair, and protection of the works of reclamation of said district.

This case differs from the ordinary case in which it is sought to subject private property to a second public use alleged not to be inconsistent with a former public use already imposed, in that it is here attempted to permanently appropriate to the second use in common with the first use, not only the property of the owner of the land, but also the permanent structure constituting public property, placed and maintained thereon by the first taker in the exercise of its easement. The levee itself was constructed by the reclamation district on the right of way procured for that purpose, and is a part of the "works" which the trustees of the district are authorized to take materials for and "construct" for the purpose of reclaiming and keeping reclaimed the land within the district. (Pol. Code, sec. 3454), and is "public property, acquired by the agents of the state for state purposes." (*Reclamation Dist.* v. *County of Sacramento,* 134 Cal. 477, [66 Pac. 668].)

So far as the reclamation district is concerned, the object of the action in eminent domain is to subject its right of way for levee purposes, and the levee constructed thereon, to a limited use on the part of the railroad company for right of way purposes for the railroad, such use to be in common with that of the district.    We think that under some circumstances such a use of the levee right of way and the levee itself might be acquired by a proceeding in eminent domain.

Section 1240 of the Code of Civil Procedure enumerates the kinds of property, "which, for the purpose of the exercise of eminent domain, shall be deemed to be private property," which may be taken. (*Marin County Water Co.* v. *County of Marin*, 145 Cal. 586, [79 Pac. 282].) Subdivision 5 thereof, is, in part, as follows: "All rights of way for any and all the purposes mentioned in section twelve hundred and thirty-eight, and any and all structures and improvements thereon, and the lands held or used in connection therewith shall be subject to be connected with, crossed, or intersected by any other right of way or improvements, or structures thereon. They shall also be subject to a limited use in common with the owner thereof, when necessary; but such uses, crossings, intersections and connections shall be made in the manner most compatible with the greatest public benefit and least private injury."

There is no warrant for restricting the application of this provision to property owned by private persons and corporations.    Section 1240 of the Code of Civil Procedure is not confined to property so owned, nor even to property owned by the state as a private proprietor which may be condemned for public use in the cases provided in subdivision 2 thereof. It was held in *Marin County Water Co.* v. *County of Marin*, 145 Cal. 586, [79 Pac. 282], that, under subdivision 3, declaring that property appropriated to public use could be taken for a more necessary public use, all property appropriated to public use, both public and private, not excepted by some other provision, is private property for the purpose of the exercise of eminent domain, and can be taken for a more necessary public use, and an action by a water company for the condemnation to its use of the right of way for a public highway and the highway constructed and maintained

thereon for the public use, was sustained. Where the fee of the land already appropriated to public use is in the state, or a city, etc., it is excepted by subdivision 2. Subdivision 5 is most comprehensive in terms, including "All rights of way for any and all the purposes mentioned in section twelve hundred and thirty-eight," and "any and all structures," etc., thereon. Section 1238 of the Code of Civil Procedure is the general section stating the many and varied public uses in behalf of which the right of eminent domain may be exercised. It includes as well public uses managed by public officers of the state, or a subdivision thereof, as public uses managed by private persons or corporations. The object of subdivision 5 is clear. It was recognized that frequently a work of great public benefit might be rendered impossible by reason of the fact that land necessary to be used in connection therewith for right of way purposes was already subject to a use for such purposes, notwithstanding that it was entirely feasible for the matter to be so adjusted that the two uses could coexist without material injury to either. Mere crossings and intersections of rights of way present the most familiar instances of this, but we may easily conceive of cases where something more may be necessary, and for that reason "a limited use, in common with the owner thereof, when necessary," is authorized. The necessity is as great where the right of way is owned by the state or some subdivision of the state for a public use, as it is where the ownership is in some person or private corporation administering a public use. The fact, then, that the right of way here, and the levee constructed thereon, constitute "public property acquired by the agents of the state for state purposes" (*Reclamation Dist.* v. *County of Sacramento,* 134 Cal. 477, [66 Pac. 668]), does not preclude the application of this subdivision.

The easement of a reclamation district for its levee constitutes a "right of way" within the meaning of that term as used in subdivision 5 of section 1240 of the Code of Civil Procedure. It is so characterized in the sections of the Political Code relating thereto. (Secs. 3450, 3471. See, also, *McCarty* v. *Southern Pacific Co.,* 148 Cal. 211, 220, [82 Pac. 615].) It is urged that it is not a right of way for any purpose mentioned in section 1238 of the Code of Civil

Procedure, and that subdivision 5 of section 1240 is expressly confined to such rights of way as are for the purposes so mentioned. It is true that the word "levee" is nowhere expressly used in section 1238 of the Code of Civil Procedure. That section was, however, intended to include all public uses in behalf of which the right of eminent domain might be exercised. There is, of course, no doubt as to levees and embankments for reclamation purposes constituting a public use authorized by the legislature. (Pol. Code, secs. 3454, 3471.) Section 1238 in terms specifies the raising of the banks of streams as one of the purposes for which the right may be exercised, and also "draining and reclaiming lands." We think that this makes the right of way for a levee or embankment for reclamation purposes a right of way for a purpose, "mentioned in section 1238." Subdivision 5 of section 1240 was clearly intended to be most comprehensive, and a construction excluding such a right of way would be opposed to the whole spirit of the provision.

We are unable to see any sound constitutional objection to this provision of our statute, so construed as applicable to levee rights of way. The argument of learned counsel for plaintiffs in this behalf is based upon the fact that statutes of the state vest the full control of the reclamation work of a district, including the planning and constructing of the works, and changes and repairs therein, in the trustees of the district, and that, to the extent of the occupation by the railroad company which may be authorized by a court in eminent domain proceedings, the dominion of the officers designated by statute is necessarily interfered with. But the statute authorizing such judicial interposition is enacted by the same legislative body that defined the powers and duties of reclamation district trustees, and no good reason appears why the legislative department cannot make the power of the trustees subject to such provisions of a decree of eminent domain as may be necessary under subdivision 5 of section 1240 of the Code of Civil Procedure. The power of boards of supervisors in regard to public highways is no less absolute than that of trustees of reclamation districts (see *San Mateo Co.* v. *Coburn,* 130 Cal. 631, [63 Pac. 78, 621], and it is settled that a public highway, where the fee of the land is in a private party, may be taken in eminent domain. (*Marin*

*County Water Co.* v. *County of Marin,* 145 Cal. 586, [79 Pac. 282].)

Where, as here conceded, the subsequent use is not a more necessary public use than that to which the property has been already appropriated, there can, of course, be no such interference with the former use as will substantially or materially affect the efficiency of the reclamation works. As already stated, it is alleged in the complaint in eminent domain that there will be no such interference. We cannot say, as a matter of law, that a limited use, in common, cannot be so regulated that there will be no material interference with the reclamation works.

The conclusion we have reached in regard to the matters already discussed necessarily disposes, in our judgment, of this application for a writ of prohibition. If the legislature has provided that the right of way for a levee, and the levee constituting a structure or improvement thereon, may be crossed or intersected by another right of way, or subjected to a limited use, in common with the owner thereof, when necessary, in the manner most compatible with the greatest public benefit, and least private injury, it can hardly be said that the superior court of Sacramento County is without jurisdiction of the action in eminent domain, simply because the complaint shows that the greater portion of the strip of land 1,349.6 feet in length, sought to be condemned, is already subject to an easement for a levee constructed thereon. It might very reasonably be contended that whether or not a complaint in an action brought to enforce the right of eminent domain shows a case in which the property sought is of such a character that it may be taken at all, is strictly a question to be determined in the exercise of its jurisdiction by the trial court in the condemnation proceedings, subject to review in the ordinary way, and that prohibition will not lie to determine the sufficiency of a complaint in an action belonging to a class of which the superior court has jurisdiction. However this may be, it is certainly enough to preclude the remedy of prohibition, that the complaint shows a case where property of the kind sought to be taken may be taken for the use for which it is sought. Whether or not the facts are such as to justify the taking in a particular case is for the determination of the trial court

in the lawful exercise of its jurisdiction, and cannot be determined on prohibition. We are by no means prepared to decide that subdivision 5 of section 1240 of the Code of Civil Procedure, or any other provision of law, would warrant the taking of the levee right of way as a right of way for a railroad simply because it would be advantageous for the railroad company to acquire a roadbed already constructed. The subdivision in question was, of course, not enacted for the purpose of giving the second taker the benefit of structures or improvements of the first taker, but was solely to enable the crossing of an existing right of way by a second right of way to be made, or a limited use thereof to be had, in common with the owner thereof, *when necessary.* The necessity here referred to can hardly be said to exist solely because of the existence of a structure of the first taker on the prior right of way that would serve as a roadbed for a proposed railroad. The right of the railroad company under this subdivision in regard to the acquirement of the use of the levee is. perhaps no greater than it would be in a case where it was seeking to secure a limited use, in common with another railroad company, of the right of way and roadbed of the latter. It may be that the facts in this regard which may be shown under the issues, made in the eminent domain action, constitute a full defense to such action, under a proper construction of subdivision 5 of section 1240 of the Code of Civil Procedure. As to this, however, we express no opinion, as the question is not properly before us. In fact, we do not wish to be understood as now definitely deciding any question as to the proper construction of subdivision 5 of section 1240 of the Code of Civil Procedure, except in so far as we hold that it is applicable to a levee right of way, and the levee constructed thereon.

The application for a writ of .prohibition is denied.

Shaw, J., McFarland, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.