CHICAGO & NORTHWESTERN RAILWAY COMPANY et al., Respondents, v. DOUGHERTY et al., Appellants.

(163 N. W. 715.)

(File No. 4056.   Opinion filed June 26, 1917.)

1.  **Railroads—Extension of Line—Railway Commissioners, Jurisdiction to Order Extension, Basis of, Whether Evidentiary Matter, or Statute?—Issue of Fact, Immateriality of.**

    Where petitioners before the board of railway commissioners prayed for an order of the board requiring certain railroads to extend a line owned by one of them and used by both, into the business portion of a certain town, the petition being based upon certain charter•provisions of the owning road, and a resolution for an amendment of its charter, authorizing it to construct its line into said town, and the answer to the petition, after making certain admissions and pleading certain facts explanatory and in justification, etc., contained a general denial putting in issue the allegations in the petition as to the charter and its amendment, held, that the jurisdiction of the board does not depend upon such evidentiary and collateral matters, but upon the question whether, under the statute, the board has or may have authority and jurisdiction to make an order requiring said railroad companies to construct their line through the townsite in compliance with charter provisions; and the answer to the petition, raising such issues of fact, are not to be taken as true wherein they affect the question of jurisdiction.

2.  **Trial—Petition for Writ of Prohibition—Findings on Pleadings Without Evidence, Judgment on, Legal Effect of—Question on Appeal.**

    Where, in a proceeding for writ of prohibition by railroad companies against the board of railway commissioners, to pro-

hibit said board from making an order requiring the railroads to extend their line into a certain town, no evidence was introduced, but trial court made findings of fact which were merely recitals of allegations of petition for the writ and of allegations and denials in the answer or return to the writ, and upon findings based its conclusions of law that the board was without jurisdiction to hear and determine the issues presented, in certain respects, etc., that plaintiffs were without a plain, etc., remedy, and were entitled to judgment, etc., and the judgment recited, among other things, that the answer did not put in issue "any material statements of matters of fact affecting the substantial rights of the parties, but raised only questions of law," followed by recitals of the court's final action, held, that upon such record the findings of fact and conclusions of law are without controlling legal effect; that the only question presented on appeal from such judgment is, whether said board is without authority and jurisdiction in any case, to enter such an order as is demanded in the petition.

**3.  Railroads—Extension of Line—Petition to Commissioner—Jurisdiction, Facts Plead, as Affecting, and Other Facts, Distinction—Relief.**

A broad distinction lies between question of sufficiency of facts pleaded in a petition filed with board of railway commissioners for an order requiring extension of a certain line of road, to authorize relief prayed for, and the question of jurisdiction of board to grant same relief upon another or different state of facts.

**4.  Corporations — Railroad Corporations — Railway Commissioners, Petition for Extension—Charter, Statutory Requirements, Doctrine of Enforcement of—Tribunals.**

The adjudicated law fully recognizes the doctrine that corporate duties and obligations imposed by charter requirements, or by express statutory provisions, may be enforced by proceedings in appropriate tribunals.  So held, in determining the question of jurisdiction of the board of railway commissioners to act upon a petition for an order requiring certain railroads to construct their line into a certain town.

**5.  Railroads—Extension of Line, Enforcement—Jurisdiction of Railway Board, of Courts, Questions of, Distinguished.**

The question whether the board of railway commissioners has statutory jurisdiction to investigate matters before it and make such order as deemed proper, and that of jurisdiction of power of courts to grant and enforce the duty or obligation asserted in the proceeding before said board, are distinct propositions.

6. **Same—Railroad Corporations—Termini of Road—Petition for Extension, Statement of Corporate Article Provisions in, Materiality.**

   Civ. Code, Sec. 480, governing organization of railroad corporations, requires that articles of incorporation, among other things, shall state "the place from and to which such railroad is to be constructed or maintained and operated," etc. **Held,** that the provision in the articles of incorporations of a railroad, that the road the company was formed to construct, etc., "is intended to be constructed and operated from a point on the C. & N. W. R. Co. * * * to a point in or near the proposed government town site" of Newell, and an alleged amendment of the articles to extend its road "from its present eastern terminus named in its articles of organization, to-wit: In or near (the townsite of Newell) northerly through the present proposed government townsite (of Newell) * * * and thence in a general easterly direction," etc., were in compliance with the statutory provision. **Held,** further, that such statements in the articles of incorporation were material as the subject of allegations in a petition before the board of railway commissioners for extension of the line of said railroad into the built-up portion of said town.

7. **Same—Construction of Line—Abandonment, After Electing to Build—Building to Other Points Than Specified in Articles, Rights and Obligations of Road.**

   The Court may assume, without deciding, that the charter or articles of incorporation of a railroad company, whether obtained by special act or under general law, is the sole authority under which construction of its lines may proceed, that the grant of the right to construct is upon express or implied condition that the corporation shall proceed in compliance therewith; that when a corporation elects to exercise the authority granted, it assumes the duties implied in such grant, whatever they may be held to be; that the right to incorporate under general law, and to specify the points to and from which it proposes to construct its lines, when exercised, creates a duty on its part, no less binding than would acceptance of a special charter containing similar provisions; and that the motives or conditions accompanying a disregard of duties assumed, cannot destroy its substance. So held, in determining the question of jurisdiction of the board of railway commissioners to act upon a petition for an order of said board requiring railroads to extend their line into a certain town.

8. **Railway Commissioners—Administrative Power, re Railroads—Enforcement of Order, Court's Function—Statute—Judicial Power, Distinguished.**

   The state, in creating the board of railway commissioners,

has created an administrative body, and charged it with the duty and authority to take certain steps when in its judgment "it shall appear that any common carrier fails in any respect to comply with the terms of its charter or the laws of the state" (Laws 1911, Chap. 207, Sec. 2.)  It is not given authority to enforce its own orders or judgments, but can only apply to the proper courts for a decision and judgment upon the matters involved; it being a strictly administrative body. An order of such board in compliance with statutory notice and procedure, constitutes an exercise of administrative authority only, and not of judicial power; nor can such order be enforced except through the order or judgment of a duly constituted judicial tribunal having jurisdiction to hear and determine the matters involved, and in which the corporation is given the right to be heard.

9.  **Railway Commissioners—Railroad Extension, Enforcement of— Board's Order, Distinguished From Property Compensation— Constitutional Provision, Purview—Expense of Judicial Review, Effect, re Character of Board's Power.**

Assuming that the constitutional provision as to due process limits exercise of administrative jurisdiction equally with exercise of judicial power by a constitutional court vested with equitable and legal jurisdiction (Caldwell v. Pierson, 37 S. D. 546, 159 N. W. 124,) the fact that a judicial review of such proceedings and order may involve trouble and expense, does not change the essential character of the authority exercised by the board as an administrative body; and its orders are not within purview of constitutional provisions forbidding taking of property without compensation.

10.  **Same—Jurisdiction—Notice and Hearing, Effect of Want of, of Presence of, re Due Process—Constitutions.**

The board of railway commissioners possesses a limited administrative jurisdiction only, and the statutory requirements as to notice must be complied with at least substantially, or its proceedings and orders may be treated as nullities upon appeal or application for enforcement; and the statutory requirements as to notice and hearing are a sufficient compliance with the due process clauses of both state and Federal Constitution.

11.  **Prohibition—Railway Board's Order, Enforceableness of, As Decisive of Jurisdiction—Unwarrantable Order, Remedy For, Whether Prohibition?**

Assuming, without deciding, that respondent's contention that any order the board of railway commissioners might make upon a petition for extension of a certain line of railroad into a town could not be enforced by courts, to be correct, it is not decisive of the jurisdiction of the board as an administrative body, to enter upon an investigation, or make the order, or

take other proceedings authorized by statute. And even if it be assumed that it will enter an order not warranted by the facts disclosed, or may found its order upon an erroneous view of the law as applied to the facts, the remedy does not lie in prohibition, if the order is such as the statute authorizes the board to make in exercise of its judgment.

12. **Prohibition—Limits of Function—Superseding Those of Appeal.**

The writ of prohibition can never be allowed to supersede the ordinary functions of an appeal or writ of error.

13. **Same—Relief—Excess of Jurisdiction, Distinguished From Erroneous Action—Expense of Hearing, Effect, re Remedy—Jurisdiction of Railway Board, re Extension of Railroad Line.**

. To authorize relief under writ of prohibition, there must be an excess of jurisdiction in an absolute sense, and not an erroneous exercise of power. And the trouble and expense involved in a hearing before the inferior court or tribunal, is not a sufficient ground for granting the writ, where there is a remedy by appeal from an adverse judgment. And if the inferior court or tribunal has authority or jurisdiction to grant relief of the kind contemplated by the proceeding, upon any state of facts, the possibility of an erroneous decision does not warrant issuance of the writ. Held, further, that the board of railway commissioners, as an administrative body, was not without jurisdiction to entertain and act upon a petition by property owners, a municipal corporation and its trustees, and a commercial· club of such town, praying for an order of the board requiring certain railroad companies to extend into such town the line of road used by them.

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Application by the Chicago & Northwestern Railway Company, and the Belle Fourche Valley Railway Company, for a writ of prohibition enjoining the defendants, P. W. Dougherty and others, constituting the Board of Railway Commissioners of the State of South Dakota, from taking jurisdiction of certain matters and proceedings pending before it and involving the extension of the line of railroad used by applicants, upon a complaint and petition filed by the town of Newell, a municipal corporation, its board of trustees, certain property owners, and the Commercial Club of said town, on behalf of said town. From a judgment that the writ issue, enjoining said Board from taking such jurisdiction, defendants appeal. Reversed.

*P. W. Dougherty,* and *Oliver E. Sweet,* Assistant Attorney General, for Appellants.

*A. K. Gardner,* for Respondents.

(6) To point six of the opinion, Appellants cited: York & N. M. R. R. Co. v. Reg., (Eng.) 1 El. & Bl. 858; Leverett v. Middle Ga. & A. Ry. Co., 24 S. E. 154; Union Pacific Ry Co. v. Hall et al., 91 U. S. 343; Winchester & S. R. R. Co. v. Commonwealth, 106 Va. 264, 55 S. E. 692.

Respondents submitted that: All these chapters, in which any court ever held that the company was bound to complete its railroad, were ones where the company by reason of contract or the receiving of some donation, had obligated itself to construct a certain line of road; and were not cases in which its articles of incorporation or charter simply permitted it to construct the line of road; and cited: Cook on Cor., Sec. 904.

(7) To part seven of the opinion, Appellants cited: Cook on Corporations, Sec. 904, p. 3342; Mobile, etc., R. R. Co. v. Mississppi, 210 U. S. 187.

(8) To point eight of the opinion, Appellants cited: Laws 1911, Chap. 207, Sec. 2, Secs. 15-19; R. R. Commission Cases, 116 U. S. 307; Reagan v. Farmers Loan & Trust Co., 154 U. S. 362; State ex re 1.Taylor v. Mo. Pac. Ry. Co. 92 Pac. 606; State ex rel. R. R. Commisioners v. Wilmington & W. R. Co., 122 N. C. 877, 29 S. E. 334; State ex rel. Caldwell v. Wilson, 121 N. C. 472, 28 S. E. 554; Southern Ind. R. Co. v. R .R. Com., 172 Ind. 113, 87 N. E. 966; Prentis v. Atlantic Coast Line Co., 211 U. S. 210; St. ex rel. Taylor v. Mo. Pac. Ry. Co. (Kan.) 92 Pac. 606.

Respondents cited: 33 Cyc. 47, 229; State ex rel Lafollet v. Ry. Co., 16 S. D. 517; Elliott on Railroads, Sec. 683-684; 33 Cyc. 46-48; Grand Rapids R. Co. v. Mich. R. R. Comm. (Mich.) 150 N. W. 154.

(9) To point nine of the opinion, Appellants cited: Const. Art. 5, Sec. 1, Art. 2; 16 Enc. P. L. & P. R., 1131; White v. Supreme Court, 110 Cal. 54.

Respondents cited: Great Northern R. Co. v. Minnesota, etc., (Minn.) 238 U. S. 340; Oregon R. R. Co. v. Fairchild, 224 U. S. 510.

(13) To point thirteen of the opinion, Respondents cited: Code Civ. Proc., Secs. 777-778; Huron v. Campbell, 3 S. D. 309; State ex rel. v. Toomey, 27 S. D. 37; State ex rel. v. Ewert, 36 S. D. 622; Shaw v. Circuit Court, (S. D.) 129 N. W. 907; State ex rel. v. Fisk, (N. D.) 107 N. W. 191.

SMITH, J. Appeal from a judgment and writ of prohibition issued by the circuit court of Beadle county, enjoining the board of railroad commisioners from taking jurisdiction of certain matters and proceedings pending before it upon a complaint and petition, filed by and on behalf of the town of Newell. The affidavit or petition for the writ recites that in the original articles of incorporation of the Belle Fourche Valley Railway Company, it is provided that:

"The railroad which this corporation is formed to construct, maintain and operate ,is intended to be constructed and operated from a point on the C. & N. W. R. Co. * * * to a point in or near the proposed government town site" (of Newell) —and that a resolution was adopted by the board of directors of the Belle Fourche Valley Railway Company, amending its articles of incorporation to read, in part, as follows:

"That the Belle Fourche Valley Railway Company extend its road from its present eastern terminus named in its articles of organization, to-wit: In or near (the town site of Newell) northerly through the present proposed government town site (of Newell), * * * and thence in a general easterly direction," etc.

That the Belle Fourche Valley Railway Company did not construct said line through said government town site as set forth in its amended articles of incorporation, but changed and altered its line so that it was constructed around and not through said town site. That the station at Newell is one-half mile from the outskirts of said town, and about one mile from the built-up business portion thereof. The prayer of the petition or complaint filed before the commission is to the effect that the railway company be called upon to complete the construction of its line of railway in accordance with the above-quoted provisions of its charter and articles of incorporation, "through, over and across the government town site" (of Newell), and that the commissioners upon proper investigation enter an order directing said railway com-

panies to complete the construction of said line as provided in its articles of incorporation, and to locate its station house, and operate its road so as to deliver passengers, freight, baggage, mail, and express into the business portion of said town, etc.

Respondents contend that the only purpose of the complaint and proceedings was to require the company to build a mile of road to the north of its line, because of alleged representations made by the corporation as to its purpose to build into the town site, and establish its station therein, which misled complainants to their injury; that the company should now be required to comply with such representations, and that the purpose of said proceedings was not to inquire into alleged violations of articles of incorporation, as charged in the complaint; that it is admitted that the road did not build through the town site as stated in its articles of incorporation; and that no investigation was necessary on that theory. The answer filed before the board, however, after making certain admissions, not important here, and pleading certain facts by way of explanation and alleged justification, contains a general denial, which puts in issue the allegations of the complaint as to the alleged charter provisions and the passage of the resolution by its board of directors amending such articles to direct the construction of its line from its terminus at or near the town site of Newell, in a northerly direction through said town site, and thence in a generally easterly direction.

[1, 2] It is apparent, we think, that the existence of the charter provision and the resolution amendatory thereof were facts upon which petitioners founded the claim that the company should be required to extend its line through the town site of Newell, and that the alleged acts of the company through its officers and agents in advertising to the public by circulars, maps, plats, and other advertising matter that its actual line of railway and its station house were to be located in the center of the business portion of said town evidenced the purpose and intent of the charter provisions, and created a duty and obligation on the part of the company to construct its line into and through the town site. It is apparent, therefore, that the jurisdiction of the board does not depend upon such evidentiary and collateral matters, but upon the question whether, under the statute, the board has or may have authority and jurisdiction to make an order

requiring the defendants to construct their line through the town site in compliance with charter provisions. The answer of defendants raising issues of fact upon the allegations of the complaint are not to be taken as true in so far as they affect the question of jurisdiction. If jurisdiction depended upon the truth or falsity of such allegations, it must be plain that the board would possess authority to investigate and determine such issues. At the hearing no evidence was introduced, but the trial court made findings of fact which are merely recitals of the allegations of the petition for the writ and the allegations and denials in the answer or return to the writ, and upon such findings based its conclusion of law that the board was without jurisdiction or authority to hear and determine the issues presented, in so far as the same concern the alleged failure of the railway company to construct its road through or into the town of Newell, and in so far as the same refer to alleged misrepresentations made for or on behalf of said railway companies, or each of them, with reference to the proposed construction and location of its said line of railway through, and its station at, the town of Newell; that plaintiffs are without a plain, speedy, and adequate remedy in the ordinary course of law, and are entitled to a judgment or writ commanding the board to refrain from any further proceedings in said matter, except such as may pertain to or affect the alleged inadequacy and insufficiency of the station house mentioned in the amended complaint.

[3] The judgment from which this appeal is taken, among other things, recites:

"That the said return and answer of the defendants did not put in issue any material statements or matters of act affecting the substantial rights of the parties, but raised only questions of law (and the court) proceeded to hear and determine the same, * * * and made and entered its decision in writing, consisting of findings of fact and conclusions of law in favor of the plaintiffs and against the defendants."

Upon this state of the record it is apparent that the findings of fact and conclusions of law are wholly without controlling legal effect, and the only question presented is whether the board of railroad commissioners is without authority and juris-

diction in any case to enter such an order as is demanded in the petition.

A broad distincton lies between the question of the sufficiency of the facts pleaded or alleged in the petition filed with the board to authorize the relief prayed for and the questions of jurisdiction of the board to grant the same relief upon another or different state of facts.

In Mobile, J. & K. C. R. Co. v. Miss., 210 U. S. 187, 28 Sup. Ct. 650, 52 L. Ed. 1016, the state and the board of railroad commissioners had sought a mandatory injunction in the state court to require railroad companies to construct their road through a county seat town and to restrain them from abandoning a narrow gauge road which ran into the town. The lessors of the plaintiffs in error had theretofore presented a petition to the board of railroad commissioners for leave to consolidate certain lines, in which petiton they represented that they would broaden and standardize this narrow gauge road, included in the proposed consolidation, "as it then existed and was being operated," and make it a part of their main line between Decatur, Miss., and Jackson, Tenn. The state court found that the petition for permission to consolidate would not have been approved except for the representation so made; that it was a material consideration, and a condition which the commission might lawfully impose, and held that by thus obtaining leave to consolidate the companies had expressly pledged them selves to broaden and standardize the then existing narrow gauge railroad and to make it a part of the main line, and that plaintffs in error were "bound by their solemn obligation, deliberately entered into as stated above, to broaden and standarize the narrow gauge railroad and make it a part of the main line." The United States Supreme Court affirmed the decision of the state court, saying:

"There is nothing in the statutes or Constitution of the United States which prevents a state from creating a board of railroad commissioners, and what powers the board shall have will depend upon the law creating them, of which the courts of the state are the absolute interpreters."

It was contended in that case, as respondents here contend, that the enforcement of such an order amounted to a taking of property without due process of law, and that it was an inter-

ference with, and cast a burden on, interstate commerce. All of these contentions were denied, the court saying:

"That compliance [with the order] will entail expense or require the exercise of eminent domain will not make it a burden upon interstate commerce. * * * Besides, the comparative expense of roads, we must assume, was considered when the petiton to the commission was made."

In People v. Albany & Vermont R. Co., 24 N. Y. 261, 82 Am. Dec. 295, it was held that a railroad corporation formed for constructing, maintaining, and operating a railroad upon a definite route and between places specified in its articles of incorporation, after it had constructed its road, could not be compelled, through an action in a court of equity by the state, to continue to maintain and operate it; that the general act for constructing, maintaining, and operating railroads did not, in terms, require a company organized under it to maintain or operate the railway mentioned in its articles of association, and was therefore permissive and not mandatory; that the act of acquiring corporate existence did not constitute an absolute agreement with the state that the corporation would construct the road and continue to operate it during its corporate existence; and that no constractual obligation was thereby created on the part of the corporation.

But in People v. N. Y., L. E. R. Co., 40 Hun (N. Y.) 574, it was held that when the corporation makes use of the power with which it is vested by the corporate grant in the consummation of the purposes contemplated thereby, a contractual relation arises, and the conditions imposed by the statute in behalf of the public become duties to be observed and performed in the exercise of the powers and the franchise conferred upon it; that a peremptory mandamus might issue to compel the corporation to construct and maintain a suitable depot building at a place through which its trains run. People v. N. Y. Cent. R. Co., 28 Hun (N. Y.) 543; Wurster v. N. Y., 136 App. Div. 411, 115 N. Y. Supp. 192, 120 N. Y. Supp. 1029; People v. United Traction Co., 145 App. Div. 656, 130 N. Y. Supp. 477.

In Union Pacific Railroad Co., Plaintiff in Error, v. Hall & Morse, 91 U. S. 343, 23 L. Ed. 428, it was held that the eastern terminus of the railroad, as fixed by its charter, was on the east bank of the Missouri river, in the state of Iowa; that its

charter required the construction of the road from such eastern terminus to its western terminus named in the charter, and required the operation of its trains from such eastern terminus over its bridge across the Missouri river to its western terminus as one continuous line, and that, under the authority of certain acts of Congress authorizing proceedings by mandamus, to enforce the performance of duties and obligations enjoined by its charter, such duties might be enforced at the suit of private parties. Leverett et al. v. M. G. & A. R. Co., 96 Ga. 385, 24 S. E. 154, was an action in equity to restrain the defendant company from changing its main line through the town of Machen, and leaving the town on a spur line. The railroad corporation was organized under a special charter given by the state Legislature, authorizing it, among other things, "to lay out, maintain and operate a line of railroad from the town of Eatonton * * * to the town of Machen. * * *" The court granted the relief, saying:

"The question is whether, being authorized to construct its road between two points designated in the charter, it would be authorized so to construct its road as not to touch these two designated points. * * * The plaintiffs in this case, relying, as they had a right to rely, upon the presumption that the railroad company, in the construction and maintenance of its road, would conform to its charter provisions, upon the strength of this presumption have made large investments at this point. * * * Those persons who have invested money upon the faith of this contract between the railroad company and the state are entitled to have that contract performed. They are entitled to have the railway company comply with the terms of its charter in this respect, not because of any public inconvenience which might necessarily result from its breach, but because in their own states they suffer a special particular damage, in which the public in no manner participate. The threatened injury, if permitted, would result in irreparable damage to them and their property; and it can never be allowed that, under such circumstances, a railroad company can be permitted to violate its charter, to the injury of the citizen, and leave him without redress. If such a principle were once admitted, the great cities in this country, with all their

commercial interests, would be practically at the mercy of the owners of railroad property."

[4] These cases, and many other authorities which might be cited, fully recognize the doctrine that corporate duties and obligations imposed by charter requirements, or by express statutory provisions, may be enforced by proceedings in appropriate tribunals. We have referred to these cases, cited by appellant, as illustrative of the views of courts in construing charter provisions, but not as decisive of the ultimate duty or obligation of respondents to comply with the threatened order of the board, requiring the building of the road into the town of Newell. That question may not arise until by appeal from such an order or by an application for its enforcement the question may become one of judicial as distinguished from administrative cognizance.

The question here is whether the board as an administrative body has jurisdicton, under the authority conferred by the statute, to investigate the matters before it and to make such an order as it may deem proper under the circumstances. The jurisdiction or power of the courts to grant and enforce the duty or obligation asserted in the proceeding before the board presents another and distinct proposition.

[5] Section 480, Civil Code, governing the organization of railroad corporations, requires that articles of incorporation, among other things, shall state "the place from and to which such railroad is to be constructed, or maintained and operated, as the case may be" and the statement in the articles of incorporation of the Belle Fourche Valley Railway Company, respondent, were in compliance with this provision of the statutes, and is material.

It is not necessary in this case to determine whether such corporation may elect to abandon the enterprise after having become incorporated. The question sought to be raised is whether, after its election to proceed with the construction of its line, a corporation may abandon the line specified in its articles of incorporation, and proceed to construct the same from and to points other than those specified.

[6] In this case, involving only the question of jurisdiction, it is not necessary to determine whether, in a proper judicial proceeding circumstances might justify a substantial rather than an

exact and strict compliance with such charter provisions. We may assume, without deciding, that the charter or articles of incorporation, whether obtained by special act or under general law, is the sole authority under which construction of such lines may proceed, and that the grant of the right to construct is upon the express or implied condition that the corporation shall proceed in compliance therewith. We may assume that when a corporation elects to exercise the authority granted, it assumes the duties implied in such grant, whatever they may be held to be; that the right to incorporate under the general law and to specify the points to and from which its proposes to construct its lines, when exercised, creates a duty on the part of the corporation no less binding than would the acceptance of a special charter containing similar provisons; that the motives or conditions accompaying a disregard of duties assumed, or which might modify the interpretation of such duty, cannot destroy its substance. Here the state has seen fit to create an administrative body or commission, and charge it with the duty and authority to take certain steps when in the judgment of such board "it shall appear that any common carrier fails in any respect to comply with the terms of its charter or the laws of the state." Laws 1911, c. 207, § 2. This board is not given authority to enforce its own orders or judgments, but can only apply to the proper courts for a decison and judgment upon the matters involved. It is a strictly administrative body. Southern Ind. R. R. Co. v. R. R. Commissioner, 172 Ind. 113, 87 N. E. 966; State ex rel. R. R. Commissioners v. Wilmington & W. R. Co., 122 N. C. 877, 29 S. E. 334; R. R. Commission Cases, 116 U. S. 307, 6 Sup. Ct. 334, 388, 1191, 29 L. Ed. 636; State ex rel. Taylor v. No. Pac. Ry. Co., 76 Kans. 467, 92 Pac. 606.

[7, 8] Any order made by such board in compliance with statutory notice and procedure constitutes an exercise of administrative authority only, and not of judicial power. Nor can such order be enforced except through the order or judgment of a duly constituted judicial tribunal having jurisdiction to hear and determine the matters involved, and in which the corporation is given the right to be heard. Assuming that the constitutional provision as to due process limits the exercise of administrative jurisdiction equally with the exercise of judicial power by a

constitutional court vested with equitable and legal jurisdiction (Caldwell v. Pierson [S. D.] 159 N. W. 124), the fact that a judicial review of such proceedings and order may involve more or less trouble and expense does not change the essential character of the authority exercised by the board as an administrative body, and its orders are not within the purview of constitutional provisions which forbid the taking of private property without compensation. The board possesses a limited administrative jurisdiction only, and the statutory requirements as to notice must be complied with at least substantially, or its proceedings and orders may be treated as nullities upon appeal or application for enforcement. The statutory requirements as to notice and hearing are a sufficient compliance with the due process clauses of both the state and federal Constitution.

[9, 10] There is no contention here that notice was not given respondents, nor that any order was to be made by the board other than that which the statue authorizes. The effect of responts' contention appears to be that any order which the board might make in the premise could not be enforced by the courts. But, assuming respondents' contention to be correct, a matter which we are not called upon to decide, it is not decisive of the jurisdicton of the board as an administrative body to enter upon the investigation or make the order or take other proceedings authorized by the statute. And even if it be assumed that the board will enter an order not warranted by the facts disclosed upon such investigation, or may found its order upon an erroneous view of the law as applied to the facts, the remedy does not lie in prohibition, if the order itself is such as the statute authorizes the board to make in the exercise of its judgment.

[11, 12] The writ of prohibition can never be allowed to supersede the ordinary functions of an appeal or writ of error. Powelson v. Lockwood, 82 Cal. 613, 23 Pac. 143; Walcott v. Wells, 21 Nev. 47, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478. To authorize relief under the writ, there must be an excess of jurisdiction in an absolute sense, and not an erroneous exercise of power. People v. Whitney, 47 Cal. 584; Reclamation Dist. v. Superior Court, 151 Cal. 263, 90 Pac. 545. The trouble and expense involved in a hearing before the inferior court or tribunal

is not a sufficient ground for granting the writ, where there is a remedy by appeal from an adverse judgment. Lindley v. Superior Court, 141 Cal. 220, 74 Pac. 765; People v. Dist. Court, 37 Colo. 440, 86 Pac. 322; Turner v. Langan, 29 Nev. 281, 88 Pac. 1088; State v. Superior Court, 30 Wash. 700, 71 Pac. 648; State v. Sup. Court, 31 Wash. 410; State v. Sup. Court, 40 Wash. 555, 82 Pac. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. Rep. 925. If the inferior court or tribunal has authority or jurisdiction to grant relief of the kind contemplated by the proceeding, upon any state of facts, the possibility of an erroneous decision does not warrant the issuance of the writ. Whitehead v. Roberts, 86 Conn. 351, 85 Atl. 538, Ann. Cas. 1914A, 134, and note; Silver Peak Mines v. District Court, Ann. Cas. 1913D, 593, note. We are of the view that the board as an administrative body was not without jurisdiction, and that the trial court erred in allowing the writ. The judgment is reversed.